DECISION AND JOURNAL ENTRY
{¶ 1} Appellant, Berry C. Minney, appeals from the judgment of the Lorain County Court of Common Pleas, which affirmed the Bureau of Motor Vehicles' (the "BMV") administrative suspension of Mr. Minney's commercial drivers' license. We dismiss the appeal as moot.
 I. {¶ 2} While driving a commercial vehicle on the morning of April 1, 2002, Mr. Minney was stopped by a motor carrier inspector in Mesopotamia Township in Trumbull County, Ohio. The inspector called a highway patrol officer to the scene because he had detected alcohol on Mr. Minney's person. The highway patrol officer detected an odor of an alcoholic beverage on Mr. Minney's breath and also in the commercial vehicle. The officer performed coordination tests on Mr. Minney, which he passed. The officer then performed a breath test with a portable machine, which returned a reading of .08% alcohol level.
 {¶ 3} Thereafter, Mr. Minney was taken to a patrol post, at which point the officer read to Mr. Minney the information on the BMV 2255 form, "Report of Peace Officer, Administrative License Suspension/Notice of Possible CDL Disqualification, Immobilization/Forfeiture" ("Form 2255"). The officer performed another breathalyzer test on Mr. Minney, this time with a BAC DataMAster machine, which returned a reading of .058% blood-alcohol level. Mr. Minney was issued an administrative citation, and his commercial drivers' license was seized and disqualified.[1]
 {¶ 4} On June 14, 2002, an administrative hearing was held on the matter before a BMV hearing officer. In a letter dated December 18, 2002, the BMV informed Mr. Minney that his license was suspended from December 19, 2002 to December 19, 2003.
 {¶ 5} On January 13, 2003, Mr. Minney filed a notice of administrative appeal to the Lorain County Court of Common Pleas from the BMV's December 18, 2002 letter. In a journal entry dated November 12, 2003, the common pleas court affirmed the BMV's decision to suspend his commercial drivers' license. This appeal followed.
 {¶ 6} Mr. Minney timely appealed to this Court, asserting one assignment of error for review.
 II. Assignment of Error
"The Common Pleas Court erred in affirming the decisions of the BMV where the record clearly showed that trooper craft did not comply with the requirements of the statute and adminstrative code."
 {¶ 7} In his sole assignment of error, Mr. Minney contends that the common pleas court erred when it affirmed the BMV's administrative suspension of his commercial drivers' license. We need not reach the merits of Mr. Minney's assignment of error because the appeal is moot.
 {¶ 8} When a defendant who is convicted of a misdemeanor offense voluntarily satisfies the judgment and completes the sentence for the offense, an appeal from the conviction is moot when evidence is not offered from which one can draw an inference that the defendant will suffer some collateral legal disability or loss of civil rights stemming from that conviction or judgment. North Ridgeville v. Kingsboro (Jan. 2, 2002), 9th Dist. Nos. 01CA007809 and 01CA007810, citing State v. Berndt
(1987), 29 Ohio St.3d 3, 4. The defendant bears the burden to present evidence that he or she has a "`substantial stake in the judgment of conviction[.]'" Kingsboro, supra, quoting State v.Wilson (1975), 41 Ohio St.2d 236, 237.
 {¶ 9} While the instant case does not involve criminal charges, we nevertheless find it appropriate to apply the aforementioned principle to the instant matter. We note that R.C. Chapter 4506, which governs commercial drivers' licensing, provides several penalties for violations of that Chapter. R.C.4506.17(E) provides for the suspension of commercial drivers' licenses. Additionally, R.C. 4506.15 provides that a violation of that section constitutes a misdemeanor offense. R.C. 4506.15(B). Mr. Minney was not charged criminally in this case. However, because the nature of a license suspension is such that it does not involve jail time and thus has a lesser impact on an individual's legal and civil rights, to this extent it is comparable to a misdemeanor offense. Thus, we do not find any impropriety in applying this principle to license suspensions to conclude that an administrative license suspension that has been completed, without a showing that the suspension has caused the individual to suffer collateral legal disability or a civil rights infringement, deems the appeal moot. See Kingsboro,
supra.
 {¶ 10} In the instant case, the BMV letter from which Mr. Minney appealed to the common pleas court states that the suspension of his commercial drivers' license would span from December 19, 2002 to December 19, 2003. Our careful review of the record reveals that Mr. Minney had not requested a stay of the execution of the suspension and that the suspension was not otherwise stayed. Furthermore, we find no mention in the record or in Mr. Minney's brief on appeal of any claim of collateral disability of loss of civil rights arising from this suspension. See Kingsboro, supra. Because the license suspension time has passed, Mr. Minney has completed the suspension. As such, Mr. Minney's appeal from the license suspension is moot.
 III. {¶ 11} Mr. Minney's sole assignment of error is moot. The appeal is hereby dismissed.
Appeal dismissed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
Exceptions.
Carr, P.J., Slaby, J., concur.
[1] However, the record does not indicate that criminal charges were filed in this case.