DECISION AND JOURNAL ENTRY
 INTRODUCTION
{¶ 1} Robert Amell's wife accused him of punching her in the head, choking her, and raping her. She also claimed that the couple's daughters, who were two and three years old at the time, came into the room during the attack and that Mr. Amell screamed profanities at them and told them to go back to their room. Finally, she claimed that he removed the back from her cellular telephone, took the battery out, and tossed the telephone, the battery, and the back in different directions so that she could not telephone police.
 {¶ 2} Mr. Amell pleaded guilty to felony domestic violence. Following a trial to the bench, the trial court found him guilty of kidnapping, disrupting public services, and misdemeanor endangering children. He has argued that the trial court incorrectly sentenced him on both the domestic violence and kidnapping charges because, according to him, they are allied offenses of similar import and he did not commit them with separate animus. He has also argued *Page 2 
that his conviction for endangering children is not supported by sufficient evidence. This Court affirms the trial court's judgment because domestic violence and kidnapping are not allied offenses of similar import and because Mr. Amell's argument that his conviction for endangering children is not supported by sufficient evidence is moot.
 FACTS {¶ 3} Mr. Amell and his wife, Jennifer Amell, appear to have had a volatile relationship. One morning, according to Mrs. Amell, she was awakened by Mr. Amell punching her in the head. She testified that he pushed her, held her down on the bed, tore off her pants, and forcibly engaged in sexual intercourse with her. She said that their daughters came to the bedroom door during the attack and that Mr. Amell ordered them to return to bed as he screamed profanities at them. She further testified that he then choked her and, as she began to black out, finally released her.
 {¶ 4} The State charged Mr. Amell with two counts of kidnapping, rape, disrupting public services, felony domestic violence, misdemeanor domestic violence, and misdemeanor endangering children. Before trial, he pleaded guilty to felony domestic violence. He opted for a bench trial on the remaining charges. The trial court found him guilty of one count of kidnapping, of disrupting public services, and of endangering children. It found him not guilty of the remaining charges.
 ALLIED OFFENSES OF SIMILAR IMPORT
Mr. Amell's first assignment of error is that the trial court incorrectly convicted him of both kidnapping and domestic violence because they are allied offenses of similar import and he committed them with the same animus. Section 2941.25(A) of the Ohio Revised Code provides, as a general rule, that a defendant may be charged with two or more allied offenses of similar *Page 3 
import, but may be convicted of only one. Section 2941.25(B) provides that a defendant may be charged and convicted of multiple offenses of dissimilar import and, as an exception to the general rule in Section 2941.25(A), that a defendant may be charged and convicted of multiple offenses of similar import if he committed the offenses of similar import separately or with a separate animus.
 {¶ 5} When a defendant argues that he has improperly been convicted of allied offenses of similar import, an appellate court must apply a two-step analysis. State v. Cabrales, 118 Ohio St. 3d 54,2008-Ohio-1625, ¶ 14. The first step is to compare the elements of the offenses in order to determine whether they are potentially within Section 2941.25(A)'s general rule. Id. "If the elements of the offenses correspond to such a degree that the commission of one crime will result in the commission of the other, the crimes are allied offenses of similar import and the court must then proceed to the second step. In the second step, the defendant's conduct is reviewed to determine whether the defendant can be convicted of both offenses." Id. That is, if the first step is satisfied, potentially bringing the offenses within Section 2941.25(A)'s general rule, it is necessary to determine whether they fall within Section 2945.21(B)'s exception to the general rule. If the crimes are allied offenses of similar import, the defendant may be convicted of both offenses only if the court finds either that the crimes were committed separately or that there was a separate animus for each crime. Id.
 {¶ 6} When this Court, in the first step, compares the elements of the two offenses, it must do so "in the abstract without considering the evidence in the case, but [this Court is] not required to find an exact alignment of the elements. Instead, if, in comparing the elements of the offenses in the abstract, the offenses are so similar that the commission of one offense will necessarily result in commission of the other, then the offenses are allied offenses of similar *Page 4 
import." Cabrales, 2008-Ohio-1625, at paragraph one of the syllabus. Accordingly, the first step in this Court's analysis in this case is a comparison of the elements of kidnapping and domestic violence.
 {¶ 7} Under Section 2905.01(B)(2) of the Ohio Revised Code, a defendant is guilty of kidnapping if he has restrained another of his liberty in such a way that he has created a "substantial risk of serious physical harm to the victim." Under Section 2919.25(A) of the Ohio Revised Code, a defendant is guilty of domestic violence if he knowingly causes or attempts to cause "physical harm to a family or household member." The elements of these offenses are not so similar that the commission of one will necessarily result in the commission of the other.
 {¶ 8} It is possible to commit either kidnapping or domestic violence without committing the other. There are several notable differences between the two crimes, including the "family or household member" element of domestic violence that does not appear in kidnapping and, as noted by the Ohio Supreme Court in determining that kidnapping and felonious assault are not allied offenses of similar import, a "person may seriously injure another without restraining the victim of his or her liberty." State v. Blankenship, 38 Ohio St. 3d 116, 118 (1988). In the abstract, the elements of the offenses are not so similar that the commission of one will necessarily result in commission of the other. Accordingly, kidnapping and domestic violence are not allied offenses of similar import under Section 2941.25(A). Accord State v. Akins, 8th Dist. No. 74261, 1999 WL 359201, at *4 (June 3, 1999). Since Mr. Amell's argument fails the first step of the applicable two-step analysis, it is not necessary for this Court to consider whether it satisfies the second step. *Page 5 
 {¶ 9} Because kidnapping and domestic violence are not allied offenses of similar import, the trial court did not err by convicting Mr. Amell of both. See State v. Cabrales, 118 Ohio St. 3d 54, 2008-Ohio-1625, ¶ 14. His first assignment of error is overruled.
 CHILD ENDANGERING CONVICTION {¶ 10} Mr. Amell's second assignment of error is that his conviction for misdemeanor endangering children is not supported by sufficient evidence. His appeal from that conviction is moot.
 {¶ 11} The trial court sentenced Mr. Amell to five years in prison on the kidnapping conviction, eighteen months in prison on the domestic violence and disrupting public services convictions, and six months in the Summit County Jail on the endangering children conviction. The sentence for endangering children was ordered to be served concurrently with the other sentences. The trial court imposed its sentences during October 2007. Mr. Amell, therefore, completed the sentence for endangering children by April 2008.
 {¶ 12} This Court recently addressed this issue in State v.Solomon, 9th Dist. No. 23545, 2008-Ohio-553. It concluded that a conviction is "moot if the defendant completes the sentence and `no evidence is offered from which an inference can be drawn that the defendant will suffer some collateral disability or loss of civil rights from such judgment or conviction.'" Id. at ¶ 38 (citations omitted). As in Solomon, the State in this case argued in its brief in chief that Mr. Amell's appeal of his endangering children conviction was moot, and Mr. Amell did not file a reply brief to argue the existence of a collateral disability. Id at 39. Mr. Amell's appeal from the endangering children conviction is moot. His second assignment of error is overruled. *Page 6 
 CONCLUSION {¶ 13} Mr. Amell's assignments of error are overruled. The judgment of the Summit County Common Pleas Court is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App. R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App. R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App. R. 30.
 Costs taxed to appellant. *Page 7 
 SLABY, P. J. WHITMORE, J. CONCUR *Page 1