DECISION AND JOURNAL ENTRY
{¶ 1} The Appellant, B.G., appeals the judgment of the Summit County Court of Common Pleas, Juvenile Division.
 I. {¶ 2} On September 22, 2007, B.G. was involved in an automobile accident with another driver at the intersection of Bailey Road and Munroe Falls Avenue in Cuyahoga Falls, Summit County, Ohio. At the scene, the other driver and the passengers in her car stated that B.G. failed to stop at the red light and caused the crash as the other driver was lawfully proceeding through the intersection. The police officer who responded to the scene issued B.G. a citation for failure to obey a traffic signal in violation of Cuyahoga Falls City Ordinance 313.03.
 {¶ 3} After arraignment and two preliminary conferences, an adjudicatory hearing was scheduled for January 15, 2008. After the date was set, B.G. moved for a continuance of the hearing when her counsel discovered that a material witness had moved out of the area and had *Page 2 
not been served with a subpoena. The witness was expected to testify that she saw the accident between B.G. and the other driver, that B.G. had the green light, and it was the other driver, not B.G., who failed to stop for the red light. The magistrate granted the continuance and ultimately reset the matter for February 20, 2008.
 {¶ 4} Counsel for B.G. diligently monitored the progress of the subpoena served on the witness for the adjudicatory hearing on February 20, 2008. When it was apparent on the eve of the hearing that the witness had not been served, B.G.'s counsel personally delivered copies of the subpoena to the witness' residence. Unable to make contact with the witness or any occupants of the home, counsel left one copy of the subpoena at the front door and one at the back door.
 {¶ 5} On the date of the hearing, B.G.'s witness did not appear. Counsel for B.G. stated on the record his attempts to secure the presence of the witness and the substance of the testimony she was anticipated to give. Counsel did not ask the magistrate to take any specific action to secure the appearance of the witness. Instead, counsel requested that the magistrate continue the matter once again.
 {¶ 6} The magistrate denied counsel's request for a continuance in light of the prior continuances in the matter, including once due to the witness' failure to appear for an adjudicatory hearing on January 15, 2008.
 {¶ 7} B.G. decided to enter a no contest plea rather than hold the adjudicatory hearing without her witness. The magistrate found that B.G. failed to obey a traffic signal and adjudicated her to be a juvenile traffic offender. He ordered her to pay a $20.00 fine and $72.00 in court costs. The magistrate did not order a suspension of B.G.'s license and did not state that *Page 3 
points would be assessed against her driving record. The record further reveals that B.G. paid the total fine and court costs on the same day they were imposed, February 20, 2008.
 {¶ 8} On February 28, 2008, B.G. filed objections to the magistrate's decision and a motion for a new hearing. B.G. argued that she was denied her constitutional right to compulsory process when the magistrate failed to take appropriate measures to secure the appearance of the witness at the adjudicatory hearing.
 {¶ 9} On March 6, 2008, B.G. filed a motion to show cause against her witness in light of her failure to obey the subpoena to appear for the hearing on February 20, 2008.
 {¶ 10} On September 5, 2008, the Juvenile Court issued a decision that overruled B.G.'s objections, dismissed her motion to show cause as moot, adjudicated B.G. as a juvenile traffic offender, and ordered her to pay fines and court costs.
 II. {¶ 11} B.G. has assigned two errors with respect to the proceedings below: (1) that the Juvenile Court denied B.G.'s constitutional rights by failing to issue a warrant or take other measures to secure the appearance of B.G.'s witness; and, (2) that the Juvenile Court erred when it denied B.G.'s motion to show cause. However, we do not reach the merits of either of these assignments of error because we find that B.G.'s appeal is moot.
 {¶ 12} The Supreme Court of Ohio has held that "[w]here a defendant, convicted of a[n] * * * offense, has voluntarily paid the fine or completed the sentence for that offense, an appeal is moot when no evidence is offered from which an inference can be drawn that the defendant will suffer some collateral disability or loss of civil rights from such judgment or conviction." In re S.J.K., 114 Ohio St.3d 23,2007-Ohio-2621, at ¶ 9, quoting State v. Wilson (1975),41 Ohio St.2d 236, syllabus. On appeal, B.G. must demonstrate that her appeal is not moot in light of *Page 4 
some collateral disability or loss of civil rights that she may suffer from the conviction. In re S.J.K. at ¶ 9. (Citations omitted.)
 {¶ 13} In the instant matter, the State argued in its brief that B.G.'s appeal is moot because she voluntarily paid the fine and court costs the day they were assessed and there is no evidence to demonstrate that points were imposed on her driving record.[1] B.G. did not file a reply brief to argue the existence of a collateral disability. Accordingly, B.G. has not satisfied her burden on appeal. State v.Amell, 9th Dist. No. 23943, 2008-Ohio-3770, at ¶ 12; State v.Solomon, 9th Dist. No. 23545, 2008-Ohio-553, at ¶ 39. We thus conclude that B.G.'s appeal is moot.
 III. {¶ 14} As B.G.'s appeal is moot, this appeal is hereby dismissed.
Appeal dismissed.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App. R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App. R. 30. *Page 5 
Costs taxed to Appellant.
Carr, J., Dickinson, P. J., concur.
[1] Although the penalty of the imposition of points on a defendant's driving record has been held to give rise to a collateral disability, the record in the instant matter does not reveal that points were imposed on B.G.'s driving record. In re S.J.K at ¶ 14. During oral argument, B.G.'s counsel confirmed that no points had been imposed on B.G.'s driving record. *Page 1