[Cite as *State v. Reed*, 2012-Ohio-1788.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF WAYNE | ) | |

| STATE OF OHIO | | C.A. No. 11CA0013 |
|---|---|---|
| Appellee | | |
| v. | | APPEAL FROM JUDGMENT ENTERED IN THE |
| LASHAUN REED | | WAYNE COUNTY MUNICIPAL COURT COUNTY OF WAYNE, OHIO |
| Appellant | | CASE No. CRB-10-12-01620 |

DECISION AND JOURNAL ENTRY

Dated: April 23, 2012

WHITMORE, Presiding Judge.

{¶1} Defendant-Appellant, Lashaun Reed, appeals from his conviction in the Wayne County Municipal Court. This Court dismisses.

I

{¶2} After he refused to leave the residence of Tiara Butler, Reed was arrested for criminal trespass, a fourth-degree misdemeanor in violation of R.C. 2911.21(A)(1). A bench trial took place on March 14, 2011, at which Reed appeared with counsel. At the conclusion of trial, the court found Reed guilty and sentenced him to a $125 fine and costs. The trial court informed Reed that the bond he posted would be applied to the fees and costs. Accordingly, Reed's fine and costs were paid in full on the same day they were imposed.

{¶3} Reed now appeals from his conviction and raises two assignments of error for our review. For ease of analysis, we consolidate the assignments of error.

II

Assignment of Error Number One

DEFENDANT-APPELLANT'S CONVICTION FOR CRIMINAL TRESPASS WAS NOT SUPPORTED BY SUFFICIENT EVIDENCE.

Assignment of Error Number Two

DEFENDANT-APPELLANT'S CONVICTION FOR CRIMINAL TRESPASS WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.

**{¶4}** In his assignments of error, Reed argues that his criminal trespassing conviction is based on insufficient evidence and is against the manifest weight of the evidence. We do not address the merits of his arguments, however, as Reed's appeal is moot.

> Where a defendant, convicted of a [misdemeanor] offense, has voluntarily paid the fine or completed the sentence for that offense, an appeal is moot when no evidence is offered from which an inference can be drawn that the defendant will suffer some collateral disability or loss of civil rights from such judgment or conviction.

*State v. Wilson*, 41 Ohio St.2d 236 (1975), syllabus. "A collateral disability is an adverse legal consequence of a conviction or judgment that survives despite the court's sentence having been satisfied or served." *In re S.J.K.*, 114 Ohio St.3d 23, 2007-Ohio-2621, ¶ 10. The satisfaction of a sentence through the payment of the fine imposed will moot any appeal from that sentence unless a misdemeanant seeks a stay of execution of sentence or otherwise "objectively demonstrates" that he or she did not voluntarily satisfy the sentence. *Cleveland Hts. v. Lewis*, 129 Ohio St.3d 389, 2011-Ohio-2673, ¶ 23.

> The completion of a sentence is not voluntary and will not moot an appeal if the circumstances surrounding it demonstrate that the appellant neither acquiesced in the judgment nor abandoned the right to appellate review, that the appellant has a substantial stake in the judgment of conviction, and that there is subject matter for the appellate court to decide.

*Id.* at ¶ 26. If the appeal is moot, however, an appellate court is obligated to dismiss it as such. *State v. Berndt*, 29 Ohio St.3d 3 (1987), syllabus.

{¶5} The trial court here only sentenced Reed to a fine and costs. As noted above, Reed's fine and costs were paid the same day the court imposed his sentence. Although the fine and costs were paid from the bond Reed posted, the trial court notified Reed at the trial, before journalizing his sentence, that the fine would be paid in that manner. Reed did not raise any objection. He also never requested a stay of the execution of the sentence and never indicated his intention to appeal this matter before his fine and costs were paid. Moreover, "[t]he record in this case nowhere suggests that [Reed] contended at the time of trial, or at any stage of the appellate proceedings, that the payment of the fine and costs would result in any collateral disability which would in any manner affect his civil rights." *Wilson* at 237. *See also Berndt* at 4-5 (concluding that appeal was moot where the defendant failed to point out evidence of a collateral disability or loss of a civil right in the record and he directed his brief solely at the underlying merits rather than any assertion of disability). Because Reed satisfied his sentence, and the record does not contain any allegation of some collateral disability or loss of Reed's civil rights as a result of his criminal trespass conviction, Reed's appeal is moot. *State v. Henry*, 9th Dist. No. 25479, 2011-Ohio-3566, ¶ 16-17; *State v. Pedraza*, 9th Dist. No. 09CA009706, 2010-Ohio-4284, ¶ 25; *State v. Miller*, 9th Dist. No. 23240, 2007-Ohio-370, ¶ 17-19. The appeal, therefore, is dismissed. *In re B.G.*, 9th Dist. No. 24428, 2009-Ohio-1493, ¶ 11-13; *Minney v. Caltrider*, 9th Dist. No. 03CA008405, 2004-Ohio-4320, ¶ 8-11 (both dismissing appeal as moot after voluntary satisfaction of judgment).

## III

{¶6} As Reed's assignments of error are moot, this appeal is hereby dismissed.

Appeal dismissed.

———

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

BETH WHITMORE
FOR THE COURT

MOORE, J.
CARR, J.
CONCUR.


APPEARANCES:

BRIAN L. SUMMERS, Attorney at Law, for Appellant.

DANIEL R. LUTZ, Prosecuting Attorney, and LATECIA E. WILES, Assistant Prosecuting Attorney, for Appellee.