**[Cite as *State v. Palmer*, 2017-Ohio-5628.]**

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF WAYNE | ) | |

| | |
|---|---|
| STATE OF OHIO | C.A. No. 16AP0040 |
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| AHMED NASHADEAN PALMER | WAYNE COUNTY MUNICIPAL COURT<br>COUNTY OF WAYNE, OHIO |
| Appellant | CASE No. 2016 CR-B 000398 |

DECISION AND JOURNAL ENTRY

Dated: June 30, 2017

---

TEODOSIO, Judge.

**{¶1}** Appellant, Ahmed Nashadean Palmer, appeals from his conviction for criminal trespass in the Wayne County Municipal Court. We dismiss the appeal as moot.

I.

**{¶2}** In November of 2015, Mr. Palmer was involved in an incident at Bowman Beverage in Wooster where he swore at the manager and threw a slushy at her. The manager then served Mr. Palmer with a no trespass letter prohibiting him from entering Bowman Beverage for three years. The notice stated that it could only be withdrawn by the manager.

**{¶3}** In March of 2016, Mr. Palmer was involved in another incident at the Ice House where he was screaming and yelling at some girls. Mr. Palmer claimed that a worker at the Ice House sent him over to Bowman Beverage to see if he was banned from both Bowman Beverage and the Ice House, which were owned by the same person. Mr. Palmer arrived at Bowman Beverage and the manager told him to leave because he was not allowed to trespass there. He

demanded to speak to the person in charge and started getting loud with the manager. He eventually left and the manager called the police.

**{¶4}** Mr. Palmer was charged with one count of criminal trespass under R.C. 2911.21(A)(1). His appointed counsel filed a motion to withdraw due to a "complete breakdown in communication * * * to the point that adequate representation of the defendant has become impossible." After a motion hearing, the trial court granted counsel's motion to withdraw, but ordered her to remain as standby counsel until Mr. Palmer could retain new counsel. Mr. Palmer was held in contempt of court and sentenced to five days in jail for talking over the judge at the motion hearing despite multiple warnings.

**{¶5}** The trial court granted Mr. Palmer's request for a continuance of his trial so that he could retain new counsel. Mr. Palmer appeared for his bench trial without counsel and chose to represent himself. During the trial, he requested another continuance to secure an additional witness, which was denied.

**{¶6}** Following the bench trial, the trial court found Mr. Palmer guilty of criminal trespass and sentenced him to ten days in jail and court costs. The judge ordered a $75.00 fine at the sentencing hearing, but the fine was not journalized in Mr. Palmer's sentencing entry. "[A] trial court only speaks through [its] journal entry and a court may amend a sentence before it is journalized * * *." *State v. Overstreet*, 9th Dist. Summit No. 21367, 2003-Ohio-4530, ¶ 8. Mr. Palmer's bond money was immediately used to pay his financial sanctions and he was taken into custody to serve his ten-day sentence.

**{¶7}** After serving his entire jail sentence, Mr. Palmer filed this timely appeal.

II.

**{¶8}** Mr. Palmer's appellate counsel filed a brief on behalf of Mr. Palmer pursuant to *Anders v. California*, 386 U.S. 738 (1967). Mr. Palmer's counsel also asked to withdraw as counsel of record in this matter and certified that she had served Mr. Palmer with a copy of the brief. This Court issued a magistrate's order affording Mr. Palmer twenty days to file a response raising any points he felt were necessary. Mr. Palmer did not respond.

**{¶9}** Mr. Palmer's appellate counsel identified five potential assignments of error that would typically support a merit brief, but indicated that the appeal is moot since Mr. Palmer has already served his entire jail sentence and has paid his financial sanctions in full.

**{¶10}** This Court has stated:

> [W]hen an appellant completes a misdemeanor sentence without requesting a stay pending appeal and does not offer evidence from which this Court could infer that the appellant would suffer collateral disability or loss of civil rights stemming from the misdemeanor conviction, the appeal is moot.

*State v. Boone*, 9th Dist. Summit No. 26104, 2013-Ohio-2664, ¶ 7. Mr. Palmer never sought a stay of execution of his jail sentence or payment of financial sanctions pending appeal. He also did not object to his financial sanctions being paid from the bond he posted. *See State v. Reed*, 9th Dist. Wayne No. 11CA0013, 2012-Ohio-1788, ¶ 5. The record does not contain any allegations of some collateral disability or loss of Mr. Palmer's civil rights as a result of his criminal trespass conviction. *See id.*

**{¶11}** Upon this Court's own full and independent examination of the record, we agree that the appeal is moot. Accordingly, we grant appellate counsel's motion to withdraw and dismiss the appeal.

III.

**{¶12}** Upon review of the entire record, we conclude that Mr. Palmer's appeal is moot. Appellate counsel's motion to withdraw as counsel of record is hereby granted.

Appeal dismissed.

---

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

THOMAS A. TEODOSIO
FOR THE COURT

HENSAL, P. J.
CARR, J.
CONCUR.

APPEARANCES:

CHRISTINA I. REIHELD, Attorney at Law, for Appellant.

DANIEL R. LUTZ, Prosecuting Attorney, and NATHAN R. SHAKER, Assistant Prosecuting Attorney, for Appellee.