[Cite as *State v. Reeves*, 2017-Ohio-9139.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

STATE OF OHIO

    Appellee

v.

WILLIAM J. REEVES

    Appellant

C.A. Nos.    28632
28679
28680
28681
28682

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.    CR-2012-04-0938
CR-2012-04-1076
CR 2013-03-0710
CR 2009-07-2200
CR 2008-02-0386

DECISION AND JOURNAL ENTRY

Dated: December 20, 2017

SCHAFER, Judge.

{¶1} Defendant-Appellant, William Reeves, appeals from the judgments of the Summit County Court of Common Pleas. This Court affirms in part and reverses in part.

I.

{¶2} In 2008, Reeves pleaded guilty in Case No. 2008-02-0386, his sentence was suspended, and he was placed on three years of community control. The following year, he pleaded guilty to new charges in Case No. 2009-07-2200 and was likewise placed on community control. After he violated the conditions of his community control, the court imposed his suspended sentences and awarded him "an aggregate total of 191 days credit for time served" in

both cases. Reeves then remained in prison until October 2011, when the trial court granted him judicial release and placed him back on community control.

{¶3}   Reeves was indicted on new charges in April 2012 (Case No. 2012-04-0938), May 2012 (Case No. 2012-04-1076), and March 2013 (Case No. 2013-03-0710). His new charges also resulted in community control violations in his two earlier cases. On May 23, 2013, he resolved all five cases by pleading guilty to his community control violations and to reduced charges in his three new cases. The court ordered all of his sentences to run concurrently for a total of eight years in prison. It further ordered that he be awarded "an aggregate total credit for 288 days served in the Summit County Jail and [Community Based Correctional Facility]" as of the date of sentencing for all five of his cases. This Court affirmed Reeves' convictions on direct appeal. *See State v. Reeves*, 9th Dist. Summit No. 27230, 2014-Ohio-5259.

{¶4}   In 2017, Reeves filed in each of his five cases three identical motions. Specifically, he filed: (1) a motion for the court to recalculate his jail-time credit, (2) a motion for an evidentiary hearing on that issue, and (3) a motion for the appointment of counsel on that issue. The court denied the motions for a hearing and for the appointment of counsel. As to the motions to recalculate, the court awarded Reeves four additional days of credit for time he served in Case No. 2008-02-0386 alone. The court determined that Reeves was not entitled to any additional jail-time credit in his four other cases.

{¶5}   Reeves filed appeals from the court's judgments in each of his five cases, and this Court consolidated the five appeals for purposes of briefing and decision. His appeals are now before this Court and raise six assignments of error for our review. For ease of analysis, we rearrange and consolidate several of the assignments of error.

II.

## Assignment of Error III

**The trial court denied the Defendant-Appellant due process and equal protection under the law where that court gave Reeves aggregated jail-time credit of 288 days when Appellant was in fact entitled to credit for all time spent in the [Summit County Jail] on two different occasions for – a total of 243 days in Case No. CR-2012-04-[1076.]**

## Assignment of Error IV

**The trial court denied the Defendant-Appellant due process and equal protection under the law where that court gave Reeves aggregated jail time credit of 288 days when he was in fact entitled to credit for time spent in [Community Based Correctional Facility] of Akron, Ohio and jail time he spent in [Summit County Jail] twice for total of 457 days jail-time credit in Case No. CR-2008-02-0386[.]**

## Assignment of Error V

**The trial court denied the Defendant-Appellant due process and equal protection under the law where that court failed to grant Appellant's request for jail time credit of 191 days he served in [Summit County Jail] prior to release on judicial release see Journal Entry dated 08/22/2011 in Case No. CR-2009-07-2200[.]**

{¶6} In the foregoing assignments of error, Reeves argues that the trial court erred in its jail time calculations with respect to three of his criminal cases. Yet, "an appeal of a jail-time credit denial is moot where the defendant-appellant has completed his prison sentence." *State v. Howard*, 5th Dist. Richland No. 10CA23, 2010-Ohio-4729, ¶ 9. *Accord State v. Feagin*, 6th Dist. Huron No. H-12-014, 2013-Ohio-1837, ¶ 4 ("[T]he issue of jail-time credit is moot once the sentence has been served because this issue relates only to the length of the sentence and not the underlying conviction * * *."). The record reflects that the court ordered all of Reeves' sentences to run concurrently and sentenced him to serve: (1) eighteen months in Case No. 2008-02-0386; (2) eighteen months in Case No. 2009-07-2200; and (3) three years in Case No. 2012-04-1076. At this point, Reeves has been incarcerated for over four years, so he has already

completed his prison sentences in the aforementioned cases. *See, e.g., State v. Jones*, 9th Dist. Wayne No. 12CA0024, 2012-Ohio-6150, ¶ 51; *State v. Amell*, 9th Dist. Summit No. 23943, 2008-Ohio-3770, ¶ 11-12. Because he has already served his prison sentences in Criminal Case Nos. 2008-02-0386, 2009-07-2200, and 2012-04-1076, his appeals from the court's judgments in those cases are moot. *See Howard* at ¶ 9; *Feagin* at ¶ 4. His third, fourth, and fifth assignments of error are overruled on that basis.

### Assignment of Error I

**The trial court denied the Defendant-Appellant due process and equal protection under the law where that court gave Reeves aggregated jail-time credit of 288 days instead of 73 days jail time credit he served in Summit County Jail in Case No. CR-2012-04-0938[.]**

### Assignment of Error II

**The trial court denied the Defendant-Appellant due process and equal protection under the law where that court gave Reeves aggregated jail-time credit of 288 days instead of 73 days jail time credit he served in Summit County Jail in Case No. CR-2013-03-0710[.]**

{¶7} In his first and second assignments of error, Reeves argues that the trial court erred in its jail-time calculations with respect to Criminal Case Nos. 2012-04-0938 and 2013-03-0710. Specifically, he argues that the court should have awarded him 73 days of jail-time credit in each of his two cases rather than awarding him aggregate jail-time credit. For the reasons that follow, we sustain his assignments of error.

{¶8} When sentencing an offender, a trial court must

[d]etermine, notify the offender of, and include in the sentencing entry the number of days that the offender has been confined for any reason arising out of the offense for which the offender is being sentenced and by which the department of rehabilitation and correction must reduce the stated prison term under [R.C. 2967.191].

R.C. 2929.19(B)(2)(g)(i). "Prior to the enactment of R.C. 2929.19(B)(2)(g)(iii), an offender was able to seek correction of an error made in determining jail-time credit only on direct appeal."

*State v. Thompson*, 147 Ohio St.3d 29, 2016-Ohio-2769, ¶11. Currently, however, an offender "may, at any time after sentencing, file a motion in the sentencing court to correct any error made in making a determination [of jail-time credit], and the court may in its discretion grant or deny that motion." R.C. 2929.19(B)(2)(g)(iii).

{¶9} The trial court originally determined that Reeves was entitled to "an <u>aggregate total</u> credit for 288 days served in the Summit County Jail and [Community Based Correctional Facility]" as of the date of sentencing for all five of his cases. After Reeves filed his motion to recalculate his jail-time credit, the court determined that he was not entitled to any additional days of credit in Criminal Case Nos. 2012-04-0938 and 2013-03-0710. Reeves essentially argues that the court erred in its determination for two reasons. The first is that he was entitled to jail-time credit on each of his individual cases rather than aggregate credit. The second is that the court ought to have ordered his five jail-time credit terms to run consecutively for a total credit of 1,037 days. For both propositions, he relies on *State v. Fugate*, 117 Ohio St.3d 261, 2008-Ohio-856.

{¶10} In *Fugate*, a defendant who had been on community control was indicted on new charges. *Fugate* at ¶ 2-3. While he was being held on the new charges, the probation department moved to revoke his community control. *Id.* at ¶ 3. The trial court sentenced him to one year in prison on his community control violation and, at the suggestion of the prosecution, applied his jail-time credit from his new charges to his one-year sentence. *Id.* The court then sentenced him to serve a total of two years in prison on his new charges and ordered all of his sentences to run concurrently. *Id.* at ¶ 3-4. The court did not apply any jail-time credit to the defendant's new charges. *Id.*

**{¶11}** In rejecting the trial court's decision regarding jail-time credit, the Supreme Court noted that the practical effect of the court's order was to deny the defendant any jail-time credit. *Id.* at ¶12. The Court wrote that, when sentencing an offender to concurrent terms, "a court cannot choose one of several concurrent terms against which to apply the credit." *Id.* Instead, "credit must be applied against all terms, because the sentences are served simultaneously. If an offender is sentenced to concurrent terms, applying credit to one term only would, in effect, negate the credit for time that the offender has been held." *Id.* at ¶ 22. The court held that, "[w]hen a defendant is sentenced to concurrent prison terms for multiple charges, jail-time credit pursuant to R.C. 2967.191 must be applied toward each concurrent prison term." *Id.* at syllabus.

**{¶12}** Contrary to Reeves' argument, *Fugate* does not instruct trial courts to award offenders compounding jail-time credit when sentencing them to concurrent prison terms in multi-offense cases. It merely requires courts to apply jail-time credit "to all prison terms imposed for charges on which [an] offender has been held." *Id.* at ¶ 12. An offender serving a concurrent sentence is not entitled to compounding or double credit for his time served because R.C. 2967.191 only authorizes a reduction in a stated prison term "for confinement related to the instant offense for which [the offender] was convicted." *State v. Brooks*, 9th Dist. Lorain No. 05CA008786, 2006-Ohio-1485, ¶ 6. Thus, on any one offense, an offender may not reap the benefit of jail-time credit he earned as the result of a separate offense. *See id.* An offender's sentence on an offense is to be reduced only by the number of days he is confined for any reason on that offense alone. *See* R.C. 2929.19(B)(2)(g)(iii) and 2967.191.

**{¶13}** To the extent Reeves argues that he was entitled to consecutive or compounding jail-time credit, this Court rejects his argument. *See Brooks* at ¶ 6. Because the court ordered all of Reeves' prison terms to run concurrently, any jail-time credit due in his individual cases

would likewise run concurrently once individually calculated. *See Fugate* at ¶ 22 (juxtaposing jail-time credit awards when consecutive and concurrent prison terms are imposed). The trial court, therefore, did not err when it rejected that aspect of Reeves' motion.

{¶14} To the extent Reeves argues that the court erred by awarding him aggregate jail-time credit, this Court has no choice but to sustain his argument. As noted, when sentencing an offender, a trial court must "[d]etermine, notify the offender of, *and include in the sentencing entry* the number of days that the offender has been confined for any reason *arising out of the offense for which the offender is being sentenced * * *.*" (Emphasis added.) R.C. 2929.19(B)(2)(g)(i). Upon review of the records in Criminal Case Nos. 2012-04-0938 and 2013-03-0710, we cannot determine whether the court awarded Reeves any jail-time credit for the time he was confined related to those two specific cases. That is because the court only awarded him an aggregate credit for all five of his cases without specifying what amount of credit, if any, pertained to each case. We, therefore, remand this matter for the trial court to calculate Reeves' individual jail-time credits with respect to Criminal Case Nos. 2012-04-0938 and 2013-03-0710. Reeves' first and second assignments of error are sustained solely on that basis.

### Assignment of Error VI

**The Common Pleas Court committed prejudicial error by not holding a jail time credit hearing via R.C. § 2929.19(B)(2)(g)(ii) and for not appointing counsel via the Sixth Amendment[.]**

{¶15} In his sixth assignment of error, Reeves argues that the trial court erred by not holding a hearing on his motion to recalculate jail-time credit. He further argues that the court erred by not appointing him counsel to secure evidence in support of his motion. We disagree.

{¶16} R.C. 2929.19(B)(2)(g)(ii) provides that, in making its initial determination of the jail-time credit to be awarded for purposes of an offender's sentencing entry, the court "shall

consider the arguments of the parties and conduct a hearing if one is requested." The statute does not provide, however, that a court must hold a hearing on subsequent motions to correct errors it may have made in its initial determination. *See* R.C. 2929.19(B)(2)(g)(iii); *see also State v. Verdi*, 6th Dist. Erie No. E-13-025, 2013-Ohio-5630, ¶ 17. The statute merely provides that the court may "in its discretion grant or deny [the] motion." R.C. 2929.19(B)(2)(g)(iii).

**{¶17}** Reeves has not provided this Court with any authority requiring a trial court to hold a hearing on a motion to recalculate jail-time credit, particularly when the movant's argument rests almost entirely on the application of the law to undisputed facts. *See* App.R. 16(A)(7). Likewise, he has not provided us with any authority requiring a trial court to appoint counsel for the purposes of such a motion. *See id.* This Court will not construct an argument on his behalf. *See Cardone v. Cardone*, 9th Dist. Summit Nos. 18349, 18673, 1998 Ohio App. LEXIS 2028, *22 (May 6, 1998) ("If an argument exists that can support [an] assignment of error, it is not this [C]ourt's duty to root it out."). Because Reeves has not set forth any relevant law or controlling authority in support of his argument, his sixth assignment of error is overruled.

III.

**{¶18}** Reeves' first and second assignments of error are sustained strictly for the reasons outlined in the foregoing opinion. His remaining assignments of error are overruled. The judgment of the Summit County Court of Common Pleas is affirmed in part, reversed in part, and the cause is remanded for the trial court to calculate Reeves' individual jail-time credits in Criminal Case Nos. 2012-04-0938 and 2013-03-0710.

Judgment affirmed in part,
reversed in part,
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed equally to both parties.

JULIE A. SCHAFER
FOR THE COURT

HENSAL, P. J.
CALLAHAN, J.
CONCUR.

APPEARANCES:

WILLIAM J. REEVES, pro se, Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and RICHARD S. KASAY, Assistant Prosecuting Attorney, for Appellee.