[Cite as *State v. George*, 2019-Ohio-3823.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF MEDINA | ) | |

| | |
|---|---|
| STATE OF OHIO | C.A. No.    19CA0037-M |
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| RICHARD L. GEORGE | COURT OF COMMON PLEAS COUNTY OF MEDINA, OHIO |
| Appellant | CASE Nos.    18CR0582 |
| | 18CR0738 |

DECISION AND JOURNAL ENTRY

Dated: September 23, 2019

CALLAHAN, Judge.

{¶1}   Appellant, Richard George, appeals from the judgment of the Medina County Common Pleas Court that denied his motion to correct jail-time credit.  For the reasons set forth below, this Court affirms.

I.

{¶2}   This appeal involves two criminal cases, 18CR0582 and 18CR0738, in which Mr. George was indicted for two separate incidents of failure to comply with an order or signal of police officer in violation of R.C. 2921.331(B)(C)(5)(a)(ii), a felony of the third degree.  In both cases, the State moved for the issuance of a warrant and recommended bond.  In case number 18CR0582, the trial court ordered bond in the amount of $25,000 cash or surety and issued a warrant for Mr. George on June 6, 2018.  In case number 18CR0738, bond was set at $25,000/10% and a second warrant was issued on July 18, 2018.

{¶3} On October 17, 2018, the trial court filed a warrant for removal ordering the Medina County Sheriff to serve Mr. George with the warrants, remove him from the Lorain Correctional Institute,[1] and transport him to the Medina County Common Pleas Court for a hearing on November 8, 2018. Both warrants were executed upon Mr. George on November 7, 2018 and he was transported to the Medina County Jail the same day. The trial court continued the bonds in both cases, but Mr. George did not post either bond. Mr. George was returned to the Lorain Correctional Institute following the November 8, 2018 arraignment.

{¶4} On January 14, 2019, the trial court filed another warrant of removal ordering the Medina County Sheriff to remove Mr. George from the Richland Correctional Institute and to transport him to the Medina County Common Pleas Court for a jury trial on January 28, 2019. Counsel for Mr. George moved to continue the trial, which was granted, and a pretrial was held instead. Mr. George was returned to the Richland Correctional Institute following the pretrial.

{¶5} Mr. George was again ordered to be removed from the Richland Correctional Institute and transported to Medina County for a hearing on April 1, 2019. On that day, Mr. George changed his plea to guilty in both cases. In each case, Mr. George was sentenced to 9 months in prison, with 17 days jail-time credit. The sentences in these two cases were to be served consecutive to each other and consecutive to the prison term Mr. George was currently serving on a Wayne County conviction.

{¶6} On April 11, 2019, Mr. George, pro se, filed a motion to correct jail-time credit in both of his cases. After reviewing information from the Medina County Sheriff's Department,

---

[1] Mr. George was in prison serving a sentence on an unrelated offense arising out of Wayne County.

the trial court denied the motion in both cases. Mr. George timely appeals the denial of his motion to correct jail-time credit in both cases.

II.

**ASSIGNMENT OF ERROR**

> THE TRIAL COURT ERRED TO THE SUBSTANTIAL PREJUDICE OF [MR.] GEORGE IN FAILING TO MAKE A DETERMINATION AS TO HOW MANY DAYS [HE] HAD ACTUALLY BEEN INCARCERATED AND IN FAILING[] TO GIVE [HIM] CREDIT FOR THOSE DAYS.

{¶7} Mr. George argues that the trial court failed to award him 302 days jail-time credit in both of his cases. This Court disagrees.

{¶8} R.C. 2929.19(B)(2)(g)(iii) provides that the sentencing court "may in its discretion grant or deny [a] motion" to correct jail-time credit. Accordingly, the trial court's denial of a motion to correct jail-time credit is reviewed for an abuse of discretion. *State v. Dean*, 10th Dist. Franklin Nos. 14AP-173, 14AP-177, 2014-Ohio-4361, ¶ 5. "'A trial court will be found to have abused its discretion when its decision is contrary to law, unreasonable, not supported by evidence, or grossly unsound.'" *Menke v. Menke*, 9th Dist. Summit No. 27330, 2015-Ohio-2507, ¶ 8, quoting *Tretola v. Tretola*, 3d Dist. Logan No. 8-14-24, 2015-Ohio-1999, ¶ 25.

{¶9} R.C. 2967.191 governs the calculation of jail-time credit and provides, in relevant part: "The department of rehabilitation and correction shall reduce the prison term of a prisoner * * * by the total number of days that the prisoner was confined for any reason arising out of the offense for which the prisoner was convicted and sentenced * * *." R.C. 2967.191(A). Furthermore, R.C. 2929.19(B)(2)(g)(i) provides that the sentencing court is responsible for making the factual determination as to the number of days a defendant is entitled to receive jail-time credit. The sentencing court's jail-time credit determination is based upon "the total

number of days, including the sentencing date but excluding conveyance time, that the offender has been confined for any reason arising out of the offense for which the offender is being sentenced * * *." R.C. 2929.19(B)(2)(g)(i). An offender may challenge a trial court's jail-time credit calculation either on direct appeal or through a post-sentence motion. *See State v. Reeves*, 9th Dist. Summit Nos. 28632, 28679, 28680, 28681, and 28682, 2017-Ohio-9139, ¶ 8, citing R.C. 2929.19(B)(2)(g)(iii).

{¶10} In this case, Mr. George filed a post-sentence motion to correct jail-time credit. In his post-sentence motion, Mr. George asserted he was entitled to 304 days jail-time credit because the trial court "made a mathematical mistake with respect to * * * the time spent in the county jail" and he was "entitled to credit for time served in a CBCF."

{¶11} Mr. George's arguments on appeal as to why he is entitled to additional jail-time credit are different from those he presented to the sentencing court in his motion to correct jail-time credit. On appeal, Mr. George argues for the first time that he is entitled to 302 days jail-time credit because he did not post bond in these cases and he was "already incarcerated on unrelated[] charges in this matter and had been sentence[d] to 3 years." Mr. George contends that his jail-time credit in these two cases began "when [the] warrants [were] place[d] on him while he was incarcerated" on the unrelated charges.

{¶12} Arguments that were not raised in appellant's post-sentencing motion regarding errors as to the calculation of jail-time credit cannot be raised for the first time on appeal. *See State v. Mohamood*, 10th Dist. Franklin No. 17AP-756, 2018-Ohio-3388, ¶ 5, 12 (declining to consider appellant's argument regarding jail-time credit because it was not raised in his motion for additional jail-time credit filed in the trial court). Mr. George did not argue in his post-sentence motion to correct jail-time credit that he was entitled to jail-time credit from the time

the warrants were placed on him because he was already serving a sentence on another case and did not post bond. Accordingly, Mr. George's argument is not properly before this Court for consideration, and his assignment of error is overruled.

III.

{¶13} Mr. George's assignment of error is overruled. The judgment of the Medina County Common Pleas Court is affirmed.

Judgment affirmed.

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

LYNNE S. CALLAHAN
FOR THE COURT

6

TEODOSIO, P. J.
HENSAL, J.
<u>CONCUR.</u>

<u>APPEARANCES:</u>

RICHARD L. GEORGE, pro se, Appellant.

S. FORREST THOMPSON, Prosecuting Attorney, and VINCENT V. VIGLUICCI, Assistant Prosecuting Attorney, for Appellee.