[Cite as *State v. Lewis*, 2021-Ohio-2914.]

| | | | |
|---|---|---|---|
| STATE OF OHIO | ) | | IN THE COURT OF APPEALS |
| | )ss: | | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | | |

STATE OF OHIO

    Appellee

v.

JOHN LEWIS

    Appellant

C.A. No.    29879

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.    CR 14 08 2465

DECISION AND JOURNAL ENTRY

Dated: August 25, 2021

CARR, Judge.

{¶1}    Appellant, John Lewis, appeals the judgment of the Summit County Court of Common Pleas. This Court affirms.

I.

{¶2}    In 2015, Lewis was convicted of multiple felony offenses, including kidnapping. The trial court imposed a total prison sentence of 13 years. The trial court further ordered that Lewis was to receive credit for 72 days served in the Summit County Jail. This Court affirmed Lewis's convictions on direct appeal. *State v. Lewis*, 9th Dist. Summit No. 28064, 2017-Ohio-2747.

{¶3}    On October 13, 2020, Lewis filed a motion in the trial court to recalculate jail-time credit, arguing that the trial court had miscalculated the amount of jail-time credit that he was owed at the time of sentencing. The trial court denied the motion on the basis that Lewis had received the proper amount of jail-time credit.

{¶4}   On appeal, Lewis raises one assignment of error.

II.

**<u>ASSIGNMENT OF ERROR</u>**

WHERE THE RECORD DEMONSTRATES THAT NO JUDICIAL CALCULATION OF JAIL-TIME CREDIT HAD EVER OCCURRED PRIOR TO OR DURING THE SENTENCING HEARING, DUE PROCESS[,] EQUAL PROTECTION[,] AND[] FUNDAMENTAL FAIRNESS ARE VIOLATED WHEN A NEW PRESIDING JUDGE * * * ADOPTS A NON-VALIDATED ADULT PROBATION DEPARTMENT ASSESSMENT AS BEST EVIDENCE OF A JUDICIAL CALCULATION WHICH NEVER HAD OCCURRED[.]

{¶5}   In his support of his assignment of error, Lewis contends that the trial court erroneously denied his motion to recalculate jail-time credit. This Court disagrees.

{¶6}   Under R.C. 2929.19(B)(2)(g)(i), a trial judge is required to calculate the number of days "that the offender has been confined for any reason arising out of the offense for which the offender is being sentenced[.]" The department of rehabilitation and correction shall reduce the offender's sentence by that number of days. *Id*.

{¶7}   R.C. 2929.19(B)(2)(g)(iii) provides that the "sentencing court retains continuing jurisdiction to correct any error not previously raised at sentencing in making a determination under division (B)(2)(g)(i) of this section." R.C. 2929.19(B)(2)(g)(iii) permits an offender "at any time after sentencing, [to] file a motion in the sentencing court to correct any error made in making a determination under division (B)(2)(g)(i) of this section[.]" "Prior to the enactment of R.C. 2929.19(B)(2)(g)(iii), an offender was able to seek correction of an error made in determining jail-time credit only on direct appeal." *State v. Thompson*, 147 Ohio St.3d 29, 2016-Ohio-2769, ¶ 11. Notably, however, "[p]ursuant to R.C. 2929.19(B)(2)(g)(iii), an offender can file a motion to correct an error in determining jail-time credit 'at any time after sentencing' and

the sentencing court has authority to correct any error in determining jail-time credit that was 'not previously raised at sentencing.'" *Thompson* at ¶ 12.

**{¶8}** This Court reviews a trial court's denial of a motion to correct jail-time credit for an abuse of discretion. *State v. George*, 9th Dist. Medina No. 19CA0037-M, 2019-Ohio-3823, ¶ 8. An abuse of discretion occurs when the trial court's judgment is unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

**{¶9}** Here, the trial court ordered in its sentencing entry that Lewis be given credit for 72 days served in the Summit County Jail. Lewis did not contest the trial court's finding in regard to jail-time credit on direct appeal. Several years later, Lewis filed a motion to recalculate jail-time credit. Lewis attached multiple items in support of his motion, including a printout from the Ohio Department of Rehabilitation and Correction's online offender tracking portal as well as a copy of a booking report from the Summit County Sheriff's Office. The trial court subsequently issued a journal entry denying the motion. The trial court noted that it had conducted an analysis and found that "[Lewis] received credit for all time he is entitled to in this case."

**{¶10}** The trial court did not abuse its discretion when it denied Lewis's motion. Lewis as the appellant has the burden of affirmatively demonstrating error on appeal. *See State v. Sugalski*, 9th Dist. Medina No. 02CA0054-M, 2002-Ohio-6767, ¶ 11. The crux of Lewis's argument appears to simply be that the documents he attached in support of his motion show that different agencies reached varying conclusions as to the amount of jail-time credit that he was owed. Assuming arguendo that the documents Lewis attached to his motion were properly before the trial court, Lewis has failed to affirmatively demonstrate that the trial court's determination that he was owed 72 days of jail-time credit was incorrect. Under these circumstances, we

4

cannot say that the trial court's decision to deny Lewis's motion was unreasonable, arbitrary, or unconscionable.

{¶11} Lewis' assignment of error is overruled.

III.

{¶12} Lewis's assignment of error is overruled. The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

DONNA J. CARR
FOR THE COURT

HENSAL, P. J.
TEODOSIO, J.
<u>CONCUR.</u>


<u>APPEARANCES:</u>

JOHN LEWIS, pro se, Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and HEAVEN R. DIMARTINO, Assistant Prosecuting Attorney, for Appellee.