DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Appellant, Jimmy Hendon, appeals from the judgment of the Akron Municipal Court which accepted his guilty plea and sentenced him accordingly. This Court affirms.
 I. {¶ 2} Appellant was arrested and charged with domestic violence in violation of Akron City Code 135.16(C), a third-degree misdemeanor. Prior to trial, appellant entered a plea of guilty to the charge and was sentenced by the trial court. Appellant timely appealed from the trial court's judgment, raising three assignments of error for review.
 II. ASSIGNMENT OF ERROR I
"THE TRIAL COURT COERCED MR. HENDON INTO ENTERING A GUILTY PLEA, THUS DEPRIVING MR. HENDON OF HIS FOURTEENTH AMENDMENT RIGHT TO DUE PROCESS."
 {¶ 3} In his first assignment of error, appellant contends that his guilty plea was not made voluntarily. This Court disagrees.
 {¶ 4} The basic tenets of due process require that a guilty plea be made "knowingly, intelligently, and voluntarily." Statev. Engle (1996), 74 Ohio St.3d 525, 527. Failure on any of these points "renders enforcement of the plea unconstitutional under both the United States Constitution and the Ohio Constitution." Id. A determination of whether a plea is knowing, intelligent, and voluntary is based upon a review of the record. State v.Spates (1992), 64 Ohio St.3d 269, 272. If a criminal defendant claims that his guilty plea was not knowingly, voluntarily, and intelligently made, such as we have in the instant matter, then the reviewing court must review the totality of the circumstances in order to determine whether or not the defendant's claim has merit. State v. Nero (1990), 56 Ohio St.3d 106, 108. To ensure that a plea is made knowingly and intelligently, a trial court must engage in oral dialogue with the defendant in accordance with Crim.R. 11(C)(2). State v. Sherrard, 9th Dist. No. 02CA008065, 2003-Ohio-365, at ¶ 6, citing Engle,74 Ohio St.3d at 527. Crim.R. 11(C)(2) requires that a trial court determine from conversation with the defendant: 1) whether the defendant's plea was voluntary; 2) whether the defendant understood the effects of the guilty plea at the time he entered it; and 3) whether the defendant, at the time he entered his guilty plea, understood that by entering the plea he was waiving constitutional rights.
 {¶ 5} Appellant argues that his plea was not voluntary because the trial court coerced him into pleading guilty by providing him faulty legal advice and by improperly engaging in plea negotiations. When a defendant claims he was coerced into entering a guilty plea, conclusory allegations and self-serving affidavits are insufficient to rebut a record which shows the plea was voluntary. State v. Roach (June 30, 1998), 9th Dist. No. 97CA006867, citing State v. Kapper (1983), 5 Ohio St.3d 36,38. Accordingly, the record must be reviewed to determine if the defendant was coerced, and the defendant must present sufficient evidence to rebut the record. Id.; see, also, State v. Turner
(Sept. 27, 1995), 9th Dist. No. 94CA005954.
 {¶ 6} In support of his assertion, appellant relies uponState v. Engle (1996), 74 Ohio St.3d 525. In Engle, the prosecuting attorney repeatedly represented that the defendant would retain his right to appeal certain trial court decisions despite pleading no contest. Id. at 527. The trial court inEngle failed to correct the prosecutor's misstatement of the law and proceeded to accept the defendant's plea. Id. The court concluded:
"There can be no doubt that the defendant's plea was predicated on a belief that she could appeal the trial court's rulings that her counsel believed had stripped her of any meaningful defense. Therefore, her plea was not made knowingly or intelligently." Id. at 528.
We find the Engle court's rationale inapplicable to the case at hand.
 {¶ 7} At appellant's jury status hearing, the trial court made the following statements.
"The court is going to deny that motion, and put an order on indicating that the trial was set for the first available date.This is certainly something that could be appealed, but in the meantime I'm not going to amend your bond, so what I did indicate to [the prosecutor] was that for the matter to be resolved, I would give you credit for the time you served, which is a change in the offer that you previously received. You will get out today, but you're going to have to do some probation. And I'm going to order that you get some Anger Management, and then I'm going to order that you're not in contact with [the victim]. Do you understand that?" (Emphasis added).
On appeal, appellant asserts that the emphasized language was unequivocally faulty legal advice. We disagree.
 {¶ 8} It is undisputed that a guilty plea waives a defendant's right to challenge violations of his speedy trial rights. Montpelier v. Greeno (1986), 25 Ohio St.3d 170, 170. However, at the time the trial court informed appellant of his right to appeal, there is no indication that the trial court was aware that appellant was prepared to plead guilty. In fact, the record supports the opposite conclusion. Upon informing appellant that he could appeal the denial of his motion to dismiss, the trial court stated that it would not amend his bond. Such a statement makes clear that the trial court believed that appellant would proceed with trial, not immediately enter a guilty plea.
 {¶ 9} Appellant also asserts that under the totality of the circumstances, the trial court's summary denial of his no contest plea caused his guilty plea to be involuntary. This Court finds that appellant's argument lacks merit. We are not faced with a situation in which the trial court has a blanket policy of rejecting no contest pleas. See, contra, State v. Nezvalova,
10th Dist. Nos. 00AP-1246, et al., 2002-Ohio-3081; State v.Carter (1997), 124 Ohio App.3d 423. We further note that Crim.R. 11(C)(2) does not require a trial court to list its reasons for rejecting a no-contest plea. We also note that the record does not demonstrate that the State itself agreed to a no-contest plea.
 {¶ 10} The record in the instant matter does reflect that the trial court informed appellant of the sentence he would receive for pleading guilty ("And you understand then by your pleadingguilty, you're giving up certain rights?" (Emphasis added.)). After receiving this information from the trial court, appellant attempted effectively to receive the best of both worlds. That is, appellant sought to preserve his appellate rights and
receive the sentence the trial court had laid out for a guilty plea. The record reflects that such a result was never contemplated by the trial court.
Appellant's counsel: "Your honor, we would enter a plea of no contest[.]"
The Court: "I thought that was for a guilty plea."
The implication from the record is straightforward; the trial court's sentence was contingent upon a guilty plea. Accordingly, we find that the record reflects that the trial court was within its discretion to refuse appellant's no contest plea and that such a refusal did not render appellant's guilty plea involuntary.
 {¶ 11} Our conclusion is further bolstered by the subsequent actions taken by appellant. The record reflects that appellant was represented by counsel at the jury status hearing. This Court notes that an attorney properly licensed in Ohio is presumed competent. State v. Lott (1990), 51 Ohio St.3d 160, 174. Following the trial court's statement regarding his appellate rights, appellant attempted to plead no contest, which would have preserved his appellate rights. See State v. Luna (1982),2 Ohio St.3d 57, 57-58. Accordingly, unlike Engle, the record does not support appellant's contention that his plea was based upon faulty advice from the trial court. Rather, the record supports a finding that appellant was aware of the distinction between a no contest plea and a guilty plea, was represented by competent counsel, and knowingly and voluntarily chose to plead guilty.
 {¶ 12} Appellant also asserts that the trial court impermissibly engaged in plea negotiations. In support, appellant relies heavily upon State v. Byrd (1980), 63 Ohio St.2d 288. InByrd, the court held as follows:
"As a consequence we hold that a trial judge's participation in the plea bargaining process must be carefully scrutinized to determine if the judge's intervention affected the voluntariness of the defendant's guilty plea. Ordinarily, if the judge's active conduct could lead a defendant to believe he cannot get a fair trial because the judge thinks that a trial is a futile exercise or that the judge would be biased against him at trial, the plea should be held to be involuntary and void under theFifth Amendment and Section 10, Article I of the Ohio Constitution." Id. at 293-294.
This Court finds that the facts in the instant case do not approach those in Byrd in any manner whatsoever.
 {¶ 13} In Byrd, the trial court judge engaged extensively in plea negotiations. The judge contacted the defendant's relatives and encouraged them to persuade him to plead guilty, spoke with the defendant in chambers without his attorney present, and indicated that Byrd would be in for a long trial if chose to plead not guilty. Id. at 290. In the instant matter, the transcript states as follows:
"[W]hat I did indicate to [the prosecutor] was that for the matter to be resolved, I would give you credit for the time you served, which is a change in the offer that you previously received."
Accordingly, even from appellant's subjective standpoint, there is no basis from which he may argue that such a statement indicates that proceeding to trial would be a futile exercise or that he would not receive a fair trial. Further, contrary to appellant's assertions, there is no affirmative indication that the trial court engaged in any unilateral ex parte communications with the State. Rather, the record indicates that the State had presented its offer to the trial court and that the trial court had indicated that it would accept the State's recommendation with regard to sentencing. When and how this information was exchanged is not present in the record before this Court.
 {¶ 14} Simply put, there is no evidence before this Court, in any form, that the trial court interjected itself into the plea negotiations. Instead, the transcript of appellant's jury status hearing reflects that the trial court took the rather routine step of indicating that the plea agreement proposed by the State was acceptable to the court. Accordingly, this Court cannot say that appellant's plea was involuntary or coerced or that appellant's constitutional rights were violated. Appellant's first assignment of error is overruled.
 ASSIGNMENT OF ERROR II
"THE TRIAL COURT ABUSED ITS DISCRETION IN DENYING MR. HENDON'S NO-CONTEST PLEA, THUS VIOLATING MR. HENDON'S FOURTEENTH AMENDMENT RIGHT TO DUE PROCESS."
 ASSIGNMENT OF ERROR III
"THE TRIAL COURT VIOLATED MR. HENDON'S STATUTORY RIGHT TO A FAST AND SPEEDY TRIAL BY FAILING TO COMPLY WITH THE TIME LIMITS MANDATED BY R.C. 2945.71."
 {¶ 15} In his second assignment of error, appellant contends that the trial court erred in refusing to accept his no contest plea. In his third assignment of error, appellant asserts that the trial court erred in denying his motion to dismiss the charges against him due to a violation of his speedy trial rights. This Court finds that appellant has not preserved the issues in his second and third assignments of error for review.
 {¶ 16} "A defendant who enters a voluntary plea of guilty while represented by competent counsel waives all nonjurisdictional defects in prior stages of the proceedings."Ross v. Common Pleas Court of Auglaize Cty. (1972),30 Ohio St.2d 323, 323, quoting Crockett v. Haskins (C.A.6, 1966),372 F.2d 475, 476. As this Court has found that appellant's plea was voluntary, he has waived all nonjurisdictional defects in the prior stages of the proceedings against him. As appellant has not challenged the jurisdiction of the trial court, appellant has waived the alleged errors in his second and third assignments of error for review. Appellant's second and third assignments of error are overruled.
 III. {¶ 17} Appellant's assignments of error are overruled. The judgment of the Akron Municipal Court is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Akron Municipal Court, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to appellant.
Whitmore, P.J., Boyle, J., Concur.