[Cite as *State v. Reeves*, 2014-Ohio-5259.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

STATE OF OHIO

    Appellee

v.

WILLIAM J. REEVES

    Appellant

C.A. No.    27230

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE Nos.    CR 08 02 0386
    CR 09 07 2200
    CR 12 04 0938
    CR 12 04 1076
    CR 13 03 0710

DECISION AND JOURNAL ENTRY

Dated: November 26, 2014

WHITMORE, Judge.

{¶1} Appellant, William Reeves, appeals from the judgment of the Summit County Court of Common Pleas. This Court affirms.

I

{¶2} In May 2013, Reeves had five pending cases, and the trial court held a single plea hearing. Pursuant to a plea agreement, Reeves agreed to plead guilty to various charges in exchange for an eight-year prison sentence and the dismissal of the remaining charges. The court conducted a plea colloquy and accepted his plea. After finding Reeves guilty, the court proceeded straight to sentencing.

{¶3} During the sentencing portion of the hearing, Reeves requested the court delay the execution of his sentence so that he could have surgery to repair his arm, which had been injured

by a police dog. The court declined Reeves' request, but informed him that it would order surgery to be "evaluated and performed as soon as possible" within the correctional institution.

{¶4} Shortly after sentencing, Reeves filed motions to modify his sentence, waive court costs, and have a transcript prepared at the State's expense. The court denied his motions. In January 2014, Reeves, pro se, filed a motion seeking a delayed appeal. This Court granted his motion and appointed him appellate counsel. Reeves, through his attorney, now raises one assignment of error for our review.

II

Assignment of Error

APPELLANT'S PLEA WAS NOT KNOWING, INTELLIGENT AND VOLUNTARY AS IT WAS BASED UPON PROMISES WHICH COULD NOT OR WERE NOT KEPT.

{¶5} In his sole assignment of error, Reeves argues that his plea is constitutionally invalid because it was based on a "promise from the judge" that he would "be evaluated and receive his needed surgery as quickly as possible."

{¶6} "When a defendant enters a plea in a criminal case, the plea must be made knowingly, intelligently, and voluntarily. Failure on any of those points renders enforcement of the plea unconstitutional under both the United States Constitution and the Ohio Constitution." *State v. Lewis*, 9th Dist. Summit No. 27222, 2014-Ohio-4559, ¶ 5, quoting *State v. Barker*, 129 Ohio St.3d 472, 2011-Ohio-4130, ¶ 9. If a defendant is induced into pleading guilty based upon a promise by the court and the court does not fulfill that promise, the defendant's plea is not voluntary. *See State v. Bortner*, 9th Dist. Lorain No. 13CA010494, 2014-Ohio-4121, ¶ 15.

{¶7} Reeves argues that he "relied upon [the court's] promise that he would receive surgery as part of his calculation in choosing to plead to the charges." The transcript, however, does not support his assertion.

{¶8} At the plea hearing, the State put the terms of the plea negotiations on the record as it understood them to be. The State's recitation of the agreement included a detailed list of which charges Reeves would plead guilty to, which charges the State would move to dismiss, and the agreed to sentence. Defense counsel confirmed that the State had provided an accurate recitation "as to the counts to which he would be pleading and as to the aggregate sentence." There was no mention of surgery at this point.

{¶9} The court proceeded to conduct a plea colloquy, during which it reviewed the written plea agreement with Reeves, explained the maximum sentences for the offenses to which he was pleading guilty, and apprised him of his various constitutional rights. Reeves repeatedly indicated that he understood and twice confirmed that he had the opportunity to review the written plea form and had not been forced, coerced, or threatened to plead guilty. The court found Reeves had made a knowing, intelligent, and voluntary decision to enter a plea of guilty. At no point during the plea portion of the hearing did the State, Reeves, defense counsel, or the court mention surgery. The written plea agreement signed by Reeves is also devoid of any mention of surgery.

{¶10} After the court found Reeves guilty, the parties waived a pre-sentence investigation report and the court, without objection, proceeded to sentencing. The court asked Reeves if he had anything he wanted to say to mitigate his sentence. In response, Reeves discussed his troubles with addiction, thanked various people for their support, and, then, in closing, asked the court:

Before you send me to prison, let me get surgery on my arm for the police dog ripping my tricep in half. And Crystal Clinic, my doctors, I will pay for it.

You can put a 25 to life over my head and make sure I go to prison afterwards. And so that I could also give my mom a hug, because she had heart surgery and a heart valve replacement surgery. That's why I wanted to do this Tuesday. * * *.

**{¶11}** The court imposed the agreed to sentence for the various offenses and then stated:

On the issue of your arm, I'm going to – I have no problem with you getting that – they have excellent medical care involved in the institution. I'm going to order that he have that surgery evaluated and performed as soon as possible, but I'm not going to have you do that outside of the institution.

**{¶12}** The record does not support Reeves' contention that his plea was based upon a promise by the court that he would receive surgery. There was no discussion of surgery until after he entered his plea. If there is proof outside of the record that supports Reeves' position that surgery was part of the plea negotiations, a petition for post-conviction relief would be the appropriate remedy. *See State v. Porter*, 9th Dist. Medina No. 12CA0061-M, 2013-Ohio-3969, ¶ 38.

**{¶13}** Reeves' sole assignment of error is overruled.

III

**{¶14}** Reeves' assignment of error is overruled. The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

_____
BETH WHITMORE
FOR THE COURT

HENSAL, P. J.
CARR, J.
CONCUR.

APPEARANCES:

ALAN M. MEDVICK, Attorney at Law, for Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and RACHEL M. RICHARDSON, Assistant Prosecuting Attorney, for Appellee.