[Cite as *State v. Mills*, 2019-Ohio-2205.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| | | |
|---|---|---|
| STATE OF OHIO | | C.A. No.  29224 |
| Appellee | | |
| v. | | APPEAL FROM JUDGMENT |
| | | ENTERED IN THE |
| PHIL D. MILLS | | COURT OF COMMON PLEAS |
| | | COUNTY OF SUMMIT, OHIO |
| Appellant | | CASE No.  CR-2016-04-1091-A |

DECISION AND JOURNAL ENTRY

Dated: June 5, 2019

CARR, Judge.

{¶1} Defendant-Appellant Phil Mills appeals, pro se, from the judgment of the Summit County Court of Common Pleas denying his motion to withdraw his guilty plea. This Court affirms.

I.

{¶2} In 2016, following a traffic stop, Mills was indicted on one count of having weapons while under disability, one count of carrying concealed weapons, and one count of improperly handling firearms in a motor vehicle. Trial counsel filed a motion to suppress which was denied following a hearing.

{¶3} Thereafter, Mills entered a written plea of guilty to having weapons while under disability and improperly handling a firearm in a motor vehicle. The third charge was dismissed. The trial court merged the two remaining counts and Mills was sentenced to a term of 18 months

on the offense of having weapons while under disability. The judgment entry was journalized August 14, 2017.

{¶4} Mills did not file a direct appeal. However, in July 2018, Mills filed a motion to withdraw his guilty plea based upon ineffective assistance of counsel and requested a hearing. Mills attached an affidavit to his motion and to his reply. In his affidavit, Mills averred that at "no point since [his] suppression hearing did [his] attorney make [him] aware that [he] was able to appeal [his] suppression hearing. Also, [he] was not made aware by [his] attorney at [his] plea and sentencing hearing that a guilty plea wa[i]ved [his] right to appeal ([his] suppression hearing) in a higher court. Only until [he] was admitted to [prison] was [he] aware of the option of entering a no-contest plea, which would've reserved [his] right to appeal [his] suppression hearing." In addition, Mills submitted, inter alia, transcripts of the suppression, plea, and sentencing hearings. The State opposed the motion. Ultimately, the trial court denied Mills' motion without a hearing.

{¶5} Mills then filed a motion for a delayed appeal, which this Court granted. Mills appears pro se and raises three assignments of error, which will be addressed together to facilitate our discussion.

II.

### ASSIGNMENT OF ERROR I

THE TRIAL COURT ABUSED [ITS] DISCRETION WHEN DETERMINING IF APPELLANT ENTERED HIS GUILTY PLEA KNOWINGLY, INTELLIGENTLY AND VOLU[N]TARILY.

### ASSIGNMENT OF ERROR II

COUNSEL WAS INEFFECTIVE, IN VIOLATION OF SIXTH AMENDMENT TO THE U.S. CONSTITUTION, DURING PLEA AND SENTENCING NEGOTIATIONS, WHEN HE FAILED TO ADVISE APPELLANT THAT HE HAD A RIGHT TO APPEAL HIS MERITABLE SUPPRESSION MOTION,

AND A PLEA OF NO-CONTEST (OR GOING TO TRIAL, IF THE TRIAL COURT HADN'T ACCEPTED HIS NO-CONTEST PLEA) WOULD BE A BETTER OPTION (RESERVING HIS RIGHT TO APPEAL). [SIC.]

**ASSIGNMENT OF ERROR III**

THE TRIAL COURT ABUSED [ITS] DISCRETION WHEN [IT] DENIED APPELLANT'S REQUEST FOR AN EVIDENTIARY HEARING.

{¶6} Mills argues in his first two assignments of error that the trial court erred in denying his motion to withdraw his guilty plea. Mills argues in his third assignment of error that the trial court abused its discretion in failing to grant him a hearing.

{¶7} Mills argued in his motion in the trial court that his trial counsel provided ineffective assistance as he was never advised by counsel that he could appeal the ruling on his motion to suppress or that he waived his right to appeal the issue by pleading guilty. Mills also claimed that trial counsel never explained what a no-contest plea was or that such a plea would preserve his right to appeal the denial of his motion to suppress.

{¶8} "Crim.R. 32.1 provides that a trial court 'after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea' to correct a 'manifest injustice.'" *State v. Bravo*, 9th Dist. Summit No. 27881, 2017-Ohio-272, ¶ 6. It is the defendant's burden to demonstrate the existence of a manifest injustice. *State v. Robinson*, 9th Dist. Summit No. 28065, 2016-Ohio-8444, ¶ 11. "Manifest injustice relates to some fundamental flaw in the proceedings which result[s] in a miscarriage of justice or is inconsistent with the demands of due process." (Internal quotations and citations omitted.) *Id.* "An appellate court reviews a trial court's order denying a motion to withdraw a guilty plea for an abuse of discretion." *State v. West*, 9th Dist. Lorain No. 17CA011110, 2018-Ohio-1176, ¶ 6. "A trial court may, in its sound discretion, evaluate the credibility of the affidavits attached to a motion to withdraw a guilty plea to determine whether to accept the affidavits as true statements of fact."

*Robinson* at ¶ 11. "[A] hearing on a post-sentence motion to withdraw a plea is not always required." *West* at ¶ 6. "An evidentiary hearing on a post-sentence motion to withdraw a guilty plea is not required when the movant fails to submit evidentiary materials demonstrating a manifest injustice." *Robinson* at ¶ 11.

**{¶9}** "Ineffective assistance of counsel can form the basis for a claim of manifest injustice to support withdrawal of a guilty plea pursuant to Crim.R. 32.1." *State v. Graham*, 9th Dist. Summit No. 28153, 2017-Ohio-908, ¶ 8. In addition, "[t]his Court has held that [a] guilty plea is not voluntary if it is the result of ineffective assistance of counsel." (Internal quotations and citation omitted.) *Bravo* at ¶ 7.

**{¶10}** "This Court uses a two-step process as set forth in *Strickland v. Washington*, 466 U.S. 668, 687 (1984), to determine whether a defendant's right to the effective assistance of counsel has been violated." *Bravo,* 2017-Ohio-272, ¶ 8.

> When the *Strickland* test is applied to guilty pleas, the defendant must first show that counsel's performance was deficient. Next, the defendant must show that there is a reasonable probability that but for counsel's errors, he would not have pleaded guilty. [T]he mere fact that, if not for the alleged ineffective assistance, the defendant would not have entered the guilty plea, is not sufficient to establish the necessary connection between the ineffective assistance and the plea; instead, the ineffective assistance will only be found to have affected the validity of the plea when it precluded the defendant from entering the plea knowingly and voluntarily.

(Internal quotations and citations omitted.) *Bravo* at ¶ 9, quoting *State v. Gegia*, 157 Ohio App.3d 112, 2004-Ohio-2124, ¶ 17 (9th Dist.).

**{¶11}** "The Ohio Supreme Court has recognized that a court need not analyze both prongs of the *Strickland* test, where the issue may be disposed upon consideration of one of the factors." *Bravo* at ¶ 10.

**{¶12}** In his motion in the trial court, Mills did not address the second prong of the *Strickland* test. Instead, Mills explained why he believed the denial of his motion to suppress would have been overturned on appeal if he had been able to appeal it. Mills did not argue or aver that, were it not for his counsel's alleged deficient performance, he would not have pleaded guilty, nor did he demonstrate that any alleged deficiency precluded him from entering the plea knowingly and voluntarily. *See id.* at ¶ 9. The State raised this issue in its brief in opposition in the trial court, and Mills even conceded that he failed to meet the standard in his reply brief; however, Mills did not rectify the issue.

**{¶13}** Given the foregoing, we cannot say that the trial court abused its discretion in denying Mills' motion to withdraw his guilty plea without a hearing.

**{¶14}** Mills' three assignments of error are overruled.

III.

**{¶15}** Mills' assignments of error are overruled. The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

————

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the

period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

_____
DONNA J. CARR
FOR THE COURT


CALLAHAN, P. J.
HENSAL, J.
CONCUR.


APPEARANCES:

PHIL D. MILLS, pro se, Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and JACQUENETTE S. CORGAN, Assistant Prosecuting Attorney, for Appellee.