[Cite as *State v. Coker*, 2021-Ohio-2910.]

STATE OF OHIO       )          IN THE COURT OF APPEALS
                     )ss:     NINTH JUDICIAL DISTRICT
COUNTY OF SUMMIT   )

| | |
|---|---|
| STATE OF OHIO | C.A. No. 29540 |
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| MARCUS COKER | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellant | CASE No. CR 17 11 3922 |

DECISION AND JOURNAL ENTRY

Dated: August 25, 2021

CARR, Judge.

{¶1} Appellant, Marcus Coker, appeals the judgment of the Summit County Court of Common Pleas. This Court affirms.

I.

{¶2} In 2017, the Summit County Grand Jury indicted Coker in Case No. CR-2017-11-3922 on one count of aggravated murder, one count of murder, two counts of felony murder, two counts of felonious assault, two counts of kidnapping, one count of failure to comply with the order of a police officer, and numerous repeat violent offender specifications. Coker pleaded not guilty to the charges at arraignment.

{¶3} As the matter proceeded through the pretrial process, the State moved to join Case No. CR-2017-11-3922 with Case No. CR-2017-10-3502, where Coker had been charged under a separate indictment. Around that time, Coker filed a motion to dismiss trial counsel and proceed pro se. The trial court held a hearing on the motions. At the hearing, Coker waived his right to

counsel on the record. The two attorneys who had been representing Coker were appointed to serve as stand-by counsel. The trial court also granted the State's motion for joinder.

{¶4} Coker ultimately entered into a plea agreement where he pleaded no contest to the charges in both cases. In exchange, the State agreed to amend the language of the indictments so that the repeat violent offender specifications were discretionary and not mandatory. The State further agreed to drop the charges in Case No. CR-2018-03-0826, a third case that was pending against Coker.

{¶5} Coker filed a motion to withdraw his pleas prior to sentencing. The trial court denied the motion after a hearing. The trial court found that counts one through eight in Case No. CR-2017-11-3922 merged for the purposes of sentencing. On the count of aggravated murder, the trial court imposed a term of life in prison with parole eligibility after 30 years. On the remaining count of failure to comply with the order of a police officer, the trial court imposed a term of 12 months in prison. The trial court ordered that the two sentences were to be served consecutively for a total prison sentence of 31 years to life. The trial court further ordered that the total prison sentence in Case No. CR-2017-11-3922 was to be served consecutive to the total prison sentence imposed in Case No. CR-2017-10-3502.

{¶6} Coker successfully moved for a delayed appeal in Case No. CR-2017-11-3922. The trial court appointed one of the attorneys who served as stand-by counsel to represent Coker on appeal. Appellate counsel filed a brief under the authority of *Anders v. California*, 386 U.S. 738 (1967), and moved to withdraw. Given that a transcript had not been filed in support of the appeal, this Court was unable to determine whether the appeal was wholly frivolous. This Court appointed new appellate counsel to represent Coker. New appellate counsel filed a brief raising two assignments of error.

II.

## ASSIGNMENT OF ERROR I

THE TRIAL COURT ABUSED ITS DISCRETION BY NOT ORDERING A COMPETENCY EVALUATION WHEN THERE WERE INDICIA OF INCOMPETENCY IN VIOLATION OF APPELLANT'S RIGHT TO DUE PROCESS UNDER THE FOURTEENTH AMENDMENT OF THE UNITED STATES CONSTITUTION AND SECTION 10, ARTICLE I OF THE OHIO CONSTITUTION[.]

{¶7}   In his first assignment of error, Coker maintains that the trial court violated his due process rights by failing to sua sponte order a competency evaluation in this matter.  While Coker points to a number of statements that he made throughout the proceedings below, he places particular emphasis on his comments at the hearing on his motion to dismiss trial counsel, arguing that the trial court should have ordered a competency evaluation at that time.  This Court disagrees.

{¶8}   A criminal defendant is presumed competent.  *State v. Jordan*, 101 Ohio St.3d. 216, 2004-Ohio-783, ¶ 28-29.  However, "[f]undamental principles of due process require that a criminal defendant who is legally incompetent shall not be subjected to trial."  *State v. Berry*, 72 Ohio St.3d 354, 359 (1995).  "[T]he failure to observe procedures adequate to protect a defendant's right not to be tried or convicted while incompetent to stand trial deprives the defendant of the right to a fair trial."  *Id.*, citing *Pate v. Robinson*, 383 U.S. 375, 377-378 (1966).  The test for measuring a defendant's competency is whether the defendant "has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding – and whether he has a rational as well as factual understanding of the proceedings against him."  *State v. Mink*, 101 Ohio St.3d 350, 2004-Ohio-1580, ¶ 57, quoting *Dusky v. United States*, 362 U.S. 402, 402 (1960).  The competency standard for entering a plea of guilty or no contest and

waiving the right to counsel is the same as the standard for determining one's competency to stand trial. *Godinez v. Moran*, 509 U.S. 389, 399 (1993).

{¶9} "When a trial court is confronted with whether to order a competency evaluation sua sponte, 'relevant considerations include: (1) doubts expressed by counsel as to the defendant's competence; (2) evidence of irrational behavior; (3) the defendant's demeanor at trial; and (4) prior medical opinion relating to competence to stand trial.'" *State v. Tucker*, 9th Dist. Lorain No. 14CA010704, 2016-Ohio-1354, ¶ 8, quoting *State v. Rubenstein*, 40 Ohio App.3d 57, 60-61 (8th Dist.1987).

{¶10} R.C. 2945.37(B) speaks to the competency of criminal defendants and provides as follows:

> In a criminal action in a court of common pleas, a county court, or a municipal court, the court, prosecutor, or defense may raise the issue of the defendant's competence to stand trial. If the issue is raised before the trial has commenced, the court shall hold a hearing on the issue as provided in this section. If the issue is raised after the trial has commenced, the court shall hold a hearing on the issue only for good cause shown or on the court's own motion.

{¶11} In turn, R.C. 2945.37(G) states as follows:

> A defendant is presumed to be competent to stand trial. If, after a hearing, the court finds by a preponderance of the evidence that, because of the defendant's present mental condition, the defendant is incapable of understanding the nature and objective of the proceedings against the defendant or of assisting in the defendant's defense, the court shall find the defendant incompetent to stand trial and shall enter an order authorized by [R.C. 2945.38.]

{¶12} At the hearing on Coker's motion to dismiss trial counsel, Coker identified himself as an "aboriginal indigenous man[.]" Coker asserted that he had witnessed numerous injustices of the State and that he was no longer ignorant of the law. Initially, Coker asked to be released on the basis that he was made in the image and likeness of God and that, as a spiritual being, he was not subject to the trial court's jurisdiction. Coker also set forth his belief that the

State was fundamentally corrupt. Turning to his motion to dismiss counsel, Coker stressed that his request to represent himself had been ignored in violation of his constitutional rights. After confirming that Coker desired to represent himself, the trial court warned Coker of the dangers of self-representation, discussed the nature of the charged offenses, and advised him of the potential penalties that he faced. Coker answered questions during this exchange and repeatedly indicated that he understood the ramifications of proceeding pro se. Coker ultimately waived his right to counsel and his prior attorneys were appointed to serve as stand-by counsel. Although Coker argued that stand-by counsel was unnecessary, the trial court advised Coker that stand-by counsel would remain in place in case he wanted to ask any questions.

{¶13} Later during the hearing, the focus shifted to the State's motion for joinder. Coker argued that permitting joinder would result in a violation of his speedy trial rights. When the State responded that Coker had signed a waiver of his speedy trial rights, Coker suggested that joinder was unnecessary because he was willing to accept responsibility for his actions. The trial court cautioned Coker about what he was saying and asked him to consult with stand-by counsel. After a discussion with stand-by counsel off the record, Coker indicated that he was aware of the significance of his remarks. Coker continued that, while he did not profess to be an innocent man, he was not guilty of the charges against him and that joinder would be prejudicial to his defense.

{¶14} The trial court issued a journal entry granting the motion for joinder. At a subsequent pretrial conference, Coker indicated that he disagreed with the ruling, and he expressed concern that he could not seek a more immediate remedy other than raising the issue on appeal. Several of the subsequent pretrial conferences focused on discovery issues. Coker

made a number of requests that were aimed at aiding him in reviewing the evidence in the State's discovery file. Stand-by counsel helped to facilitate this process.

{¶15} Coker ultimately agreed to plead no contest to the charges against him. When the trial court asked Coker if entering the pleas and proceeding to sentencing would be in line with his professed belief system, Coker responded in the affirmative. The trial court then conducted a plea hearing wherein Coker was attentive and engaged throughout the colloquy. Coker agreed to withdraw his outstanding motions that remained pending before the trial court. At the end of the plea hearing, the trial court permitted Coker to read a letter into the record where Coker expressed remorse for the loss that he had caused.

{¶16} Coker filed several motions in the weeks following the plea hearing. Coker filed a motion to withdraw his pleas which was accompanied by a motion for additional discovery. Coker also filed a motion to dismiss the charges and a "Motion for Recognition of Truth." In the latter filing, Coker cited numerous Bible verses and again argued that the trial court did not have jurisdiction over him because he was a spiritual being.

{¶17} The parties appeared for a hearing on Coker's motion to withdraw as well as his other outstanding motions. At the outset, Coker stated, "I'm not under the law, I'm under grace by God, and that was revealed to me, but if that's not respected, then I would like the charges [to] be dis[missed]." Coker further stated that his motions spoke for themselves, and he declined to elaborate upon them, other than to generally assert that the proceedings had been plagued by institutional defects. When asked if he desired additional time to present evidence and formulate arguments, Coker responded in the negative. The trial court took the matter under advisement and ultimately issued a journal entry denying the requested relief.

{¶18} A careful review of the record in this matter does not support the conclusion that the trial court violated Coker's due process rights by declining to sua sponte order a competency evaluation. At the hearing on his motion to dismiss counsel, and throughout the remainder of the proceedings before the trial court, Coker consistently demonstrated an understanding of the charges against him and an appreciation for his rights as a criminal defendant. The record shows that Coker participated fully and intelligently in his defense. Coker's desire to represent himself was rooted in an understanding of his constitutional rights. Furthermore, Coker filed a number of additional motions raising issues ranging from the trial court's jurisdiction to discovery. Coker also demonstrated an understanding of the evidence against him, cooperating with stand-by counsel to navigate discovery issues. To the extent that Coker attempted to rely on ecclesiastical authority in support of his argument that the trial court lacked jurisdiction over him, this Court is mindful that a trial court is not required to order a competency evaluation simply because a criminal defendant maintains an unconventional belief system. *See generally State v. Thomas*, 1st Dist. Hamilton No. C-170400, 2019-Ohio-132, ¶ 16-25. Accordingly, the record does not support Coker's contention that there were sufficient indicia of incompetency which required the trial court to order a competency evaluation.

{¶19} Coker's first assignment of error is overruled.

**ASSIGNMENT OF ERROR II**

THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT DENIED APPELLANT'S PRE-SENTENCE MOTION TO VACATE HIS GUILTY PLEA[.]

{¶20} In his second assignment of error, Coker argues that the trial court abused its discretion when it denied his pre-sentence motion to vacate his pleas. Coker contends that he did

not receive a "full and fair" hearing on his motion because he was not represented by counsel. This Court disagrees.

{¶21} "An appellate court reviews a trial court's order denying a motion to withdraw a guilty [or no contest] plea for an abuse of discretion." *State v. Robinson*, 9th Dist. Summit No. 28065, 2016-Ohio-8444, ¶ 9. An abuse of discretion is more than an error of judgment; it means that the trial court was unreasonable, arbitrary, or unconscionable in its ruling. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

{¶22} Crim.R. 32.1 provides that, "[a] motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea." "While a defendant does not have an absolute right to withdraw a guilty [or no contest] plea prior to sentencing, the trial court must conduct a hearing to ascertain whether the motion has a reasonable and legitimate basis." (Emphasis omitted) *State v. Ross*, 9th Dist. Summit Nos. 26523, 26524, 2013-Ohio-3220, ¶ 12.

{¶23} "The burden is on the defendant to establish a reasonable and legitimate basis for withdrawing the plea." *State v. King*, 9th Dist. Summit No. 29247, 2019-Ohio-3167, ¶ 9. "A mere 'change of heart' does not constitute a legitimate basis for the withdrawal of a guilty plea." *State v. Brown*, 9th Dist. Summit No. 23759, 2007-Ohio-7028, ¶ 23.

{¶24} As noted above, Coker filed a litany of motions in the weeks following the plea hearing, including a motion to withdraw his no contest pleas. Coker argued that he could provide evidence demonstrating that he was not guilty of the charges against him. Coker's motion to withdraw his pleas was accompanied by a motion for additional discovery. The State filed a brief in opposition to Coker's motions, stressing that Coker had received the benefit of a

thorough plea colloquy and that he had not offered a legitimate reason to withdraw his pleas. The State also argued that it would be prejudiced by withdrawal given that a large amount of time had already elapsed since the date of the alleged incident. The trial court set the matter for a hearing.

{¶25} At the outset of the hearing, the trial court provided Coker with an opportunity to make an argument in support of his motion. Coker suggested that his outstanding motions spoke for themselves. The trial court inquired further and asked Coker whether he wanted to present evidence or explain the basis for his motion. In response, Coker suggested that the charges against him should be dismissed due to institutional defects. When the trial court invited Coker to expand on his position, Coker declined to elaborate. The trial court then provided the State with an opportunity to address the outstanding motions. The State urged the trial court to provide Coker with another opportunity to make arguments and present evidence in support of his motion to withdraw his pleas. The trial court then asked Coker if he had any arguments or evidence that he would like to present in support of his motion. Coker responded, "No I don't." Pressing the matter, the trial court asked Coker if he would like additional time to gather evidence and formulate arguments in support of his motion. Coker again declined.

{¶26} Under these circumstances, we cannot say that the trial court abused its discretion in denying Coker's motion to withdraw his plea. Coker did not set forth a cogent argument in his written motion, other than to plainly assert that he could provide evidence demonstrating that he was not guilty. Coker rejected the opportunity to bolster this argument at the hearing. In addition to declining the invitation to make arguments and present evidence, Coker also turned down the opportunity for additional time to prepare an argument. To the extent that Coker now suggests that he might have been better equipped to argue his motion had he been represented by

counsel at the hearing, we note that Coker insisted on exercising his right to represent himself with the assistance of standby counsel. *See Faretta v. California*, 422 U.S. 806, 819 (1975) (holding that the constitutional right to assistance of counsel necessarily guarantees a criminal defendant the right to make his own defense). While it is well settled that a criminal defendant has a right to proceed pro se, it is further understood that "[w]hen an accused manages his own defense, he relinquishes, as a purely factual matter, many of the traditional benefits associated with the right to counsel." *Faretta*, 422 U.S. at 835. As Coker failed to establish a reasonable and legitimate basis for withdrawing his pleas, we cannot say that the trial court's decision to deny his motion was arbitrary, unreasonable, or unconscionable. *See Blakemore*, 5 Ohio St.3d at 219.

**{¶27}** Coker's second assignment of error is overruled.

III.

**{¶28}** Coker's first and second assignments of error are overruled. The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is

instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

_____
DONNA J. CARR
FOR THE COURT

HENSAL, P. J.
TEODOSIO, J.
CONCUR.

APPEARANCES:

ANGELA M. KILLE, Attorney at Law, for Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and HEAVEN R. DIMARTINO, Assistant Prosecuting Attorney, for Appellee.