**[Cite as *State v. Goodwin*, 2025-Ohio-2979.]**

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| | |
|---|---|
| STATE OF OHIO | C.A. No.    31361 |
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| RAYSHAWN GOODWIN | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellant | CASE No.    CR 2024-03-0763 |

DECISION AND JOURNAL ENTRY

Dated: August 20, 2025

---

CARR, Judge.

**{¶1}** Defendant-Appellant Rayshawn Goodwin appeals the judgment of the Summit County Court of Common Pleas. This Court affirms.

I.

**{¶2}** In March 2024, Goodwin was indicted on three counts of felonious assault, each with an accompanying 54-month firearm specification, two counts of having weapons while under disability, with one of those counts including a forfeiture specification, possession of cocaine, trafficking in marijuana, and possession of marijuana. The charges were based upon allegations that Goodwin struck a woman in the face with a gun and then shot at the woman and someone who came to pick the woman up as they were leaving in a vehicle. When a search of Goodwin's residence was conducted, additional evidence was discovered.

{¶3} In June 2024, the day before the scheduled jury trial, Goodwin's first trial counsel withdrew, following a request by Goodwin. New counsel was then appointed. In August 2024, Goodwin filed a motion to suppress and a supplemental motion to suppress. At the time, the State had offered to allow Goodwin to plead guilty to some of the charges in exchange for dismissal of others. The State indicated that the offer would be withdrawn if the suppression hearing proceeded. Goodwin's then trial counsel explained the offer to him, but Goodwin declined the offer. The hearing on the motion to suppress went forward, and the trial court denied the motion.

{¶4} Afterward, Goodwin asked to speak to trial counsel. When they spoke, Goodwin asked trial counsel to see if he could still get the plea deal. The State agreed to continue the plea offer. On September 13, 2024, a plea hearing was held. Goodwin pleaded guilty to two counts of felonious assault, two counts of having weapons while under disability, possession of cocaine, and trafficking in marijuana. One of the 54-month firearm specifications was reduced to a 3-year firearm specification and the remaining two firearm specifications were dismissed. Goodwin was also to forfeit a firearm. One count of felonious assault was also dismissed along with the possession of marijuana charge. No deal was reached as to sentencing. A presentence investigation report was not ordered.

{¶5} Prior to sentencing, Goodwin, through trial counsel filed a motion to withdraw his guilty plea and Goodwin's trial counsel filed a motion to withdraw as counsel and have new counsel appointed. Goodwin sought to withdraw his plea because he did not want a presentence investigation report, he felt coerced to plead guilty and that he was under duress, he was innocent, and because it was in his best interests to withdraw his plea.

Goodwin pointed to the timeliness of his motion and the lack of prejudice to the State as factors favoring granting the motion.

{¶6} The trial court held a hearing, at which the trial court allowed trial counsel to withdraw. Goodwin then proceeded pro se and an evidentiary hearing was held on the motion to withdraw the plea.

{¶7} The trial court, realizing that Goodwin should have had counsel at the hearing on the motion to withdraw his plea, appointed new counsel, and held a new hearing on Goodwin's motion to withdraw his guilty plea. The trial court indicated it would not consider the information presented at the prior hearing. Following the hearing, the trial court issued an entry denying Goodwin's motion to withdraw his guilty plea. Goodwin was sentenced accordingly.

{¶8} Goodwin has appealed, raising three assignments of error for our review.

II.

**ASSIGNMENT OF ERROR I**

THE TRIAL COURT ERRED BY NOT PERMITTING RAYSHAWN TO WITHDRAW HIS PLEA[.]

{¶9} Goodwin argues in his first assignment of error that the trial court abused its discretion in denying his motion to withdraw his plea.

{¶10} This Court reviews a trial court's decision denying a motion to withdraw a guilty plea for an abuse of discretion. *State v. Coker*, 2021-Ohio-2910, ¶ 21 (9th Dist.), quoting *State v. Robinson*, 2016-Ohio-8444, ¶ 9 (9th Dist.). Crim.R. 32.1 provides that "[a] motion to withdraw a plea of guilty or no contest may be made only before sentence

is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea." "The general rule is that a pre-sentence motion to withdraw should be freely and liberally granted." *State v. Guy*, 2020-Ohio-3011, ¶ 17 (9th Dist.), citing *State v. Xie*, 62 Ohio St.3d 521, 527 (1992). "The burden is on the defendant to establish a reasonable and legitimate basis for withdrawing the plea. A mere change of heart does not constitute a legitimate basis for the withdrawal of a guilty plea." (Internal quotations and citations omitted.) *Coker* at ¶ 23.

{¶11} This Court has held that a trial court does not abuse its discretion by denying a pre-sentence motion to withdraw a guilty plea when the following three elements are present:

> (1) the defendant is represented by competent counsel[;] (2) the trial court provides the defendant with a full hearing before entering the guilty plea; and (3) the trial court provides the defendant with a full hearing on the motion to withdraw the guilty plea, where the court considers the defendant's arguments in support of his motion to withdraw the guilty plea.

(Internal quotations and citations omitted.) *State v. Wheeland*, 2007-Ohio-1213, ¶ 10 (9th Dist.). In addition, the facts and circumstances of each case must be considered. *Id.* at ¶ 11.

{¶12} Factors this Court considers when reviewing a trial court's decision include:

> 1) whether the state will be prejudiced by withdrawal; 2) the representation afforded to the defendant by counsel; 3) the extent of the Crim.R. 11 plea hearing; 4) the extent of the hearing on the motion to withdraw; 5) whether the trial court gave full and fair consideration to the motion; 6) whether the timing of the motion was reasonable; 7) the reasons for the motion; 8) whether the defendant understood the nature of the charges and potential sentences; and 9) whether the accused was perhaps not guilty or had a complete defense to the charge.

(Internal quotations and citations omitted.) *Id.* at ¶ 12.

{¶13} On appeal, Goodwin has conceded that "he was represented by competent counsel; the trial court discussed the factors required by Crim.R. 11; the trial court held a full evidentiary hearing in this matter; and [he] understood the case against him." Goodwin focuses on the timeliness of his motion, his professed innocence, and the fact that the State would not suffer prejudice in support of his claim that the trial court abused its discretion in denying his motion to withdraw his guilty plea.

{¶14} At the December hearing on the motion, Goodwin's second trial counsel testified, along with a Sheriff's Deputy who was in the room during some of Goodwin's conversations with his second trial counsel around the time of the plea. Goodwin's second trial attorney testified that Goodwin's concerns with taking a plea were focused on how much time he would serve, not his innocence. Goodwin's second attorney explained the charges to Goodwin and why he recommended Goodwin accept the plea deal. Goodwin's second trial counsel admitted to being passionate about the plea deal and even cursing in discussing it but denied pressuring or coercing Goodwin into taking the plea. Goodwin asked his second trial counsel what Goodwin should do, and his second trial attorney indicated that Goodwin should take the deal but that the decision was ultimately up to Goodwin. Goodwin's second attorney felt that the plea deal was in Goodwin's best interest in light of the evidence the State possessed. Following the plea, Goodwin's second attorney described Goodwin's request to withdraw his plea as Goodwin having "second thoughts[.]"

{¶15} The Sheriff's Deputy who was in the room with Goodwin and his second attorney while they discussed the plea described Goodwin's second attorney's testimony as being accurate. The Sheriff's Deputy agreed that Goodwin's second attorney was passionate about the deal but did not coerce or threaten Goodwin.

{¶16} Notably, at the time of the plea hearing, Goodwin himself indicated that he had not been pressured into entering the plea when questioned by the trial court. Additionally, Goodwin did not bring up the issue of his innocence at the plea hearing or provide any evidence in his motion to withdraw his plea or at the hearing on the motion that would support Goodwin's claim of innocence.

{¶17} Thus, even if we were to assume that the factors of timeliness and lack of prejudice to the State weighed in Goodwin's favor, overall, we cannot say that the trial court abused its discretion in concluding that Goodwin failed to demonstrate a reasonable and legitimate basis to withdraw his plea. *See Coker*, 2021-Ohio-2910, at ¶ 23 (9th Dist.). Goodwin has not shown on appeal that he met his burden below; he failed to demonstrate that he was either coerced into entering the plea or that evidence existed that would support that he was innocent of the charges. The trial court's conclusion that Goodwin experienced a change of heart, which is not a sufficient basis upon which to withdraw a plea, was not unreasonable in light of the record before us. *Id.*

{¶18} Goodwin's first assignment of error is overruled.

## ASSIGNMENT OF ERROR II

RAYSHAWN'S PLEA WAS NOT KNOWINGLY, INTELLIGENTLY, OR VOLUNTARILY MADE[.]

{¶19} Goodwin asserts in his second assignment of error that his plea was not knowingly, intelligently, or voluntarily made because his plea was coerced and made under duress.

{¶20} "When a defendant enters a plea in a criminal case, the plea must be made knowingly, intelligently, and voluntarily. Failure on any of those points renders enforcement of the plea unconstitutional under both the United States Constitution and the Ohio Constitution." *State v. Reeves*, 2014-Ohio-5259, ¶ 6 (9th Dist.), quoting *State v. Lewis*, 2014-Ohio-4559, ¶ 5 (9th Dist.). "When a defendant claims he was coerced into entering a guilty plea, conclusory allegations and self-serving affidavits are insufficient to rebut a record which shows the plea was voluntary. Accordingly, the record must be reviewed to determine if the defendant was coerced, and the defendant must present sufficient evidence to rebut the record." *Akron v. Hendon*, 2006-Ohio-1038, ¶ 5 (9th Dist.).

{¶21} As discussed in detail above, Goodwin has not demonstrated that his plea was the result of coercion or duress. There was testimony that Goodwin's second trial counsel did not threaten or coerce Goodwin and Goodwin himself acknowledged at the plea hearing that no one threatened him or promised anything in exchange for his plea. The record supports that Goodwin voluntarily, knowingly, and intelligently entered his plea and Goodwin did not rebut that evidence. *Id.*

{¶22} Goodwin's second assignment of error is overruled.

## ASSIGNMENT OF ERROR III

RAYSHAWN RECEIVED INEFFECTIVE ASSISTANCE OF COUNSEL
WHEN ENTERING HIS PLEA[.]

{¶23} Goodwin argues in his third assignment of error that he received ineffective assistance of counsel when entering his guilty plea.

{¶24} "A defendant who pleads guilty waives the right to raise issues related to ineffective assistance of counsel on appeal unless they resulted in an involuntary plea." (Internal citations omitted.) *State v. Herman*, 2024-Ohio-541, ¶ 4 (9th Dist.).

> When the *Strickland* test is applied to guilty pleas, the defendant must first show that counsel's performance was deficient. Next, the defendant must show that there is a reasonable probability that but for counsel's errors, he would not have pleaded guilty. [T]he mere fact that, if not for the alleged ineffective assistance, the defendant would not have entered the guilty plea, is not sufficient to establish the necessary connection between the ineffective assistance and the plea; instead, the ineffective assistance will only be found to have affected the validity of the plea when it precluded the defendant from entering the plea knowingly and voluntarily.

*State v. Mills*, 2019-Ohio-2205, ¶ 10 (9th Dist.), quoting *State v. Bravo*, 2017-Ohio-272, ¶ 9 (9th Dist.), quoting *State v. Gegia*, 2004-Ohio-2124, ¶ 17 (9th Dist.).

{¶25} Goodwin's argument on this issue is cursory and undeveloped. He lists complaints he has of trial counsel but offers no explanation as to how the same would indicate deficient performance by trial counsel. *See State v. Bell*, 2023-Ohio-277, ¶ 35 (9th Dist.) (noting the strong presumption of the adequacy of trial counsel's performance). Goodwin again mentions that he felt coerced by trial counsel to take the plea, but that argument has no merit as discussed previously.

{¶26} Further, while Goodwin claims that he would not have taken the plea were it not for trial counsel's deficient performance, the claim is nothing more than a bald assertion; the record instead supports that Goodwin wanted to withdraw his plea simply because he changed his mind, not because of any deficient performance by trial counsel.

*See Herman* at ¶ 5 ("Ineffective assistance cannot be established through speculation about the prejudicial effects of counsel's performance.").

{¶27}  Goodwin's third assignment of error is overruled.

III.

{¶28}  Goodwin's assignments of error are overruled.  The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution.  A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run.  App.R. 22(C).  The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

DONNA J. CARR
FOR THE COURT

SUTTON, J.
CONCURS.

STEVENSON, P. J.
CONCURRING.

{¶29} I concur with the majority's opinion regarding the first assignment of error that the trial court did not abuse its discretion in this case but write separately as I do not agree with its reasoning.

{¶30} I believe the only appropriate test for determining whether a defendant should be permitted to withdraw his plea prior to being sentenced is whether the defendant has provided a reasonable legitimate basis to withdraw his plea as articulated in *State v Xie*, 62 Ohio St.3d 521, 527 (1992) and reiterated in *State v. Barnes*, 2022-Ohio-4486. In reviewing *Xie* and *Barnes*, I believe the Ohio Supreme Court held that motions to withdraw a plea prior to sentencing should be addressed by trial courts with the following in mind: 1) they should be freely and liberally granted; 2) the trial court must conduct a hearing if such a motion is made to determine if there is a reasonable and legitimate basis for the withdrawal of the plea; 3) the trial court has discretion in determining whether a defendant has presented a reasonable and legitimate basis when deciding this motion; and, 4) the trial court must be guided by the presumption that a presentence motion to withdraw a guilty plea should be granted.

{¶31} Rather than simply following *Xie* and *Barnes*, the majority cites the multi-factor tests in *State v. Wheeland*, 2007-Ohio-1213, ¶ 10, 12 (9th Dist.) and *State v. Coker*, 2021-Ohio-2910, ¶ 25-26 (9th Dist.). I would not utilize those tests as they have been adopted by the Courts of Appeals as I believe they conflict with *Xie* and *Barnes*. *See State v Gove*, 2025-Ohio-701 (9th Dist.) for a longer discussion regarding the propriety of the tests created by the Courts of Appeals and the inconsistency with *Xie* and *Barnes*.

{¶32}  In this case, because I agree that the trial court acted within its discretion in focusing on Goodwin's lack of a legitimate and reasonable basis to withdraw his plea, I concur in the majority's opinion affirming the trial court's decision.

APPEARANCES:

WESLEY C. BUCHANAN, Attorney at Law, for Appellant.

ELLIOT KOLKOVICH, Prosecuting Attorney, and C. RICHLEY RALEY, JR., Assistant Prosecuting Attorney, for Appellee.